## John H. Berry *vs.* Wm. H. McLean.

Upon the dissolution of a partnership, it was *agreed in writing*, between the retiring partner and the others, that the *debts of the firm* should be paid by the latter, which they failed to do, and one of them *applied* for the benefit of, and was *discharged* under, the insolvent laws, *before some of these debts became due.* In consequence of this failure, the *retiring partner*, being liable to the creditors, paid them *subsequently* to the insolvent's discharge, and then *sued* the insolvent for the amount so paid. Held:

That, under our *old insolvent system*, the plaintiff could not, for the debts which became due and were paid *after* the discharge, have *proved* a claim against the insolvent's estate, and could, therefore, recover for such payment, notwithstanding the defendant's application and discharge.

A contract to pay debts, not stating in terms *when* they are to be paid, and *some of them* are due and payable at the date of the contract, and *others* subsequently, only requires the payment of the *latter* when they *respectively fall due*, and the *former* within a *reasonable time.*

Appeal from the Superior Court of Baltimore city.

*Assumpsit* brought by the appellant against the appellee and another for money paid, laid out and expended by the plaintiff for the defendants, and at their special instance and request.

The appellee, who was alone returned summoned, plead *non assumpsit.*

*Exception.* The facts of the case, and the defendant's prayer, to the granting of which, by the court below, (FRICK, J.,) the plaintiff excepted, are fully stated in the opinion of this court. The verdict and judgment was in favor of the defendant, and the plaintiff appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and BARTOL, J.

*Jno. Prentiss Poe* and *Levin Gale* for the appellant, argued:

That the instruction granted by the court below was erroneous, because the plaintiff had no right of action or debt due to him, until the McLeans failed to pay the debts due the creditors of the firm, and he, the plaintiff, paid them, and certainly not until the debts had become due to the creditors, and the McLeans, by not paying them, had broken their contract with the plaintiff. Until then the plaintiff had no ground to complain, and no debt or right of action which he could *prove against the insolvent's estate,* and consequently the *discharge* which was granted on an application made *before that time,* could not operate to discharge his *subsequently accruing claim.* The *test* whether the discharge be available or not, is, was the debt *provable* against the *insolvent's estate,* under the *insolvent laws?*   2 *Gill,* 173, *Wharton vs. Callan;* and the case of *Harris vs. Oliver,* therein cited.   *Gow. on Part.,* 323. 1 *Johns. Cases,* 73, and 2 *Caines' Cases,* 310, *Frost vs. Carter.*   9 *Johns.* 127, *Lansing vs. Prendergast.*   6 *Do.,* 126, *Buel vs. Gordon.*   15 *Do.,* 467, *Mechanics Bank vs. Capron.* 6 *Cushing,* 225, *Bennett vs. Bartlett.*   1 *Hy. Bl. Rep.,* 640, *Brooks vs. Rogers.*   *Ibid,* 433, *Mills vs. Auriol.*   4 *Adol. & Ellis N. S.* 393, (45 *Eng. C. L. Rep.,*) *Toppin vs. Field.* 9 *Barn. & Cres.,* 145, (17 *Eng. C. L. Rep.,* 344,) *Boorman vs. Nash.*   8 *East,* 318, *Wadham vs. Marlowe.*   4 *Term Rep.,* 94, *Auriol vs. Mills.*   2 *Scott,* 266, *Thompson vs. Thompson.*   4 *Maule & Selw.,* 333, *Welsh vs. Welsh.*   2 *Cowp.,* 525, *Taylor vs. Mills.*   *Douglas,* 97, *Cotterel vs.*

*Hooke.* 7 *How.*, 272, *Mace vs. Wells.* 2 *Wilson*, 13, *Chilton vs. Whiffin.* 1 *Term Rep.*, 599, *Fall vs. Jones.*

*Cornelius McLean* for the appellant:

The case of *Wharton vs. Callan* has never received the assent of the profession, so far as the grounds of the decision appear, but as there was no opinion filed, it is impossible to say whether the court looked upon the endorser who paid after insolvency as a *mere surety* with whom no contract with the insolvent existed before insolvency, or whether they intended to establish the doctrine that the kind of suretyship involved, in an ordinary business endorsement, was sufficient to enable the endorser to recover from the insolvent on payment on the note. That such had not, up to the decision referred to, been considered the true nature of an endorsement for value, there can be no doubt, because accommodation endorsers had been allowed to recover only on the ground that no contract existed until the time of payment. It is evident, however, that *Wharton vs. Callan* was decided solely upon the ground of *suretyship;* for the replication alleging that the plaintiff was *surety for the insolvent*, was *demurred* to, and the allegation of suretyship, therefore, admitted. The present case does not come within either the letter or spirit of that decision.

1st. There is no suretyship in this case. The appellant, the appellee, and George W. McLean, were jointly bound, as partners, to pay certain debts. By the terms of the dissolution, the appellant retired from the firm, and the others took the assets and agreed to pay the debts, in consideration of being left in charge of the business and assets. Here, then, was a positive contract to do a certain thing, in consideration of another thing, which cannot be distinguished from any other contract. Most of the cases cited on the other side, are cases of *suretyship;* others are cases of *covenants*, which are not embraced in the English bankrupt acts, whereas our act of 1805, ch. 110, sec. 5, discharges the applicant "from all debts, *covenants*, contracts, promises and agreements due from, or owing or contracted in his individual, as also in a co-partnership capacity, by him," at the time of his application.

2nd. This is no contract of *indemnity*, but only a contract *to pay*, and in that respect this case is identical with that of *Dorsey vs. Dashiell*, 1 *Md. Rep.*, 201, in which the distinction between the two kinds of contracts is very clearly and precisely shown. See, also, on this subject, 11 *Ala.*, 702, *Taliaferro vs. Brown;* 3 *Denio*, 326, *Churchill vs. Hunt;* both referred to by the court in *Dorsey vs. Dashiell*, in this connection. 7 *Wend.*, 499, *Ex-parte Negus.*

3rd. Even if this were a contract of indemnity, it would not alter the law, inasmuch as there is not now any question of limitations. Whenever that question arises, it is important to ascertain the nature of the contract in this respect. It has been well decided, that on contracts of indemnity, limitations run only from the time of payment, just as they run against a promissory note, from the time of maturity. But when I contract to indemnify another, that contract is as absolute as a contract to pay another money; and there certainly is no reason for saying that the former is not discharged by insolvency when the latter is discharged.

4th. If the contract between the parties was, as has been decided in *Dorsey vs. Dashiell*, to pay the debts of the partnership, and they did not pay in a *reasonable time*, or, by asking for the benefit of the insolvent laws, declared their inability to pay, and asked to be discharged from their contract to pay, the plaintiff could undoubtedly have proved his debt or claim, under the insolvent proceedings, by showing the amount of the debts which the appellee had not paid under this contract, which would have been a good claim under the proceedings against the insolvent's assets. It is the same as the case of a promissory note not due at the time of the application. Our insolvent law has provided for a release from all contracts, and when a contract exists at the time of the application, there is no reason, whatever, why the person that claims under it should not be entitled to a portion of the assets in insolvency. There are, undoubtedly, claims which it would be difficult to ascertain, but there is no impossibility, and in this case there would have been no great difficulty.

Berry *vs.* McLean.

ECCLESTON, J., delivered the opinion of this court.

This is an action of *assumpsit*, brought by John H. Berry against William H. McLean and George McLean. The latter was not taken. The other defendant appeared and pleaded *non assumpsit*.

Prior to the 1st of October 1846, the appellant and William H. and George McLean were partners, trading under the firm of William and George McLean & Co. On that day the co-partnership was dissolved, the appellant retiring from the firm. On the dissolution taking place articles of agreement were entered into, providing, among other things, that the debts of the firm should be paid by William and George · McLean. Sundry debts, to a large amount, became due and payable at various times between the dissolution and the *spring of* 1847, and William and George McLean failed to pay them. In consequence of which Berry, remaining liable to the creditors, paid to them, at various times between *April and December* 1847, an amount equal to five per cent. on their claims, with an understanding that the creditors would not require any further sum from him. Previous to those payments, on the 23rd of December 1846, William H. McLean, the appellee, applied for the benefit of the insolvent laws, and was ·subsequently discharged. The greater part of the debts on which Berry made payments, and for which he claims to recover in this case, were not due and payable by the firm when William H. McLean became an insolvent petitioner.

The court, at the instance of the defendant, granted the following instruction to the jury: "That if they believe from the evidence, that any of the sums, paid by plaintiff, were on account of debts owing by the firm of William and George McLean & Co., before the execution of the assignment executed to R. M. McLean, and before the application of the said William H. McLean for the benefit of the insolvent laws of the State, that the said defendant did apply for the benefit thereof, and was finally discharged before the said payment by the plaintiff, the plaintiff is not entitled to recover for any such sum of money as may have been so owing, before said deed of assignment and the said application, except subject to the

discharge of the said defendant, notwithstanding the jury may find from the evidence that such sums of money were not payable by the said William and George McLean & Co., until after the application of the said William H. McLean for the benefit of the said insolvent laws."

The verdict and judgment being in favor of the defendant, the plaintiff appealed. And the question presented for us to decide is, whether the court did wrong in granting the prayer of the defendant?

As the application of William H. McLean, for the benefit of the insolvent laws, was made on the 23rd of December 1846, the act of 1854, ch. 193, does not apply to the present case, his petition having been filed under the former act of 1805, ch. 110, and its supplements.

The case of *Wharton, et al. vs. Cullan*, 2 *Gill*, 173, was decided under the old system; and the principle there adopted is, that if A gives his note to B, who passes it away for value, and subsequently pays it, although the maker is released, under the insolvent laws, after the note falls due, but before it is paid by B, he may maintain an action against the maker for money paid for him. There is no report of the court's opinion stating the grounds of the decision, but we understand it was based upon the case of *Harris vs. Oliver*, decided on the Eastern Shore, but not reported, except so far as what is said of it on page 178 of 2 *Gill*. There it is stated: "The note was made for the accommodation of the endorser, who, after his release as an insolvent debtor, was offered as a witness for the maker of the note; and it was held, as the witness would be liable over to the defendant, who offered him, upon his paying the note, he was incompetent."

In *Gow on Partnership*, 323, it is said: "Formerly, where the claim of an individual partner originated in his having discharged joint debts, it was essential, in order to entitle him to prove against the separate estate of his bankrupt partner for his proportion, that the debts should have been discharged, and the claim should have arisen antecedently to the bankruptcy. For if the right of calling upon the bankrupt partner for contribution did not accrue until after he became bankrupt,

13    v. 11.

the only redress the solvent partner had, was by action at law or by bill in equity." But by Sir Samuel Romily's act this rule was changed, so that the debt, if paid after the bankruptcy, could not be made the foundation of an action, but must be proved under the commission.

The rule, as first stated by Gow, is supported by the case of *Wright vs. Hunter*, 1 *East*, 20, and *same case* in 5 *Ves.*, 792, to which he refers.

Speaking in relation to the right of the solvent partner to recover from his bankrupt partner his share of the debt paid *after* the bankruptcy, to the creditor of the partnership, notwithstanding the bankrupt had obtained his certificate, Lord Kenyon, C. J., says, on page 30 of 1 *East:* "I cannot distinguish this from the case of a surety who is called upon to pay money for his principal after a bankruptcy, in which case there is no doubt but that the money may be recovered back from the principal, notwithstanding his certificate." And in this the other three judges, Grose, Lawrence and LeBlanc, all concur, the first two using language very much like that of the chief justice, in reference to the similarity of the case to that of a surety.

The result was a judgment in favor of Wright, the plaintiff, for 168£, 13s., 4d., that being the sum paid by him, to the creditors of the partnership, after the bankruptcy; which sum should have been paid by three of the partners, of whom Hunter, the defendant, was one. The suit being against him alone, the court, at first, entertained a doubt whether the plaintiff should have judgment for the whole or only for a third of the amount so paid, but finally judgment was given for the whole sum of 168£, 13s., 4d., as there was no plea in abatement.

The report of this case in 5 *Ves.*, shows, that after the decision in the Court of King's Bench, when the cause came on again in chancery, "the only question was as to costs." And Mr. Richards for the plaintiff insisting, that the bill should be dismissed without costs, it was so dismissed.

In addition to the cases which have been noticed, we likewise refer to the following: *Chilton vs. Whiffin & Cornwell,*

2 *Wilson's Rep.*, 13.   *Frost vs. Carter*, 1 *Johns. Cases*, 74.
*Lansing vs. Prendergast*, 9 *Johns. Rep.*, 127.   *Bennett vs.
Bartlett*, 6 *Cush. Rep.*, 225.   *Boarman vs. Nash*, 9 *Barn
& Cres.*, 145, (17 *Eng. Com. L.*, 344.)   *Buel vs. Gordon*,
6 *Johns. Rep.*, 126.   *Taylor vs. Mills*, 2 *Cowper's Rep.*, 525.

The defendant's counsel has said, the contract in this case
must be regarded, not as an agreement to indemnify Berry,
but as a contract to *pay* the debts of the partnership, and that
in a reasonable time.   In support of which he refers to the de-
cision in *Dorsey vs. Dashiell*, 1 *Md. Rep.*, 201.   Conceding
this position to be true, still the contract does not justify the
defendant in contending, as he does, that a failure to pay, be-
fore the application in insolvency, even of those debts which
were not payable until after the application, gave authority to
Berry to exhibit a claim against the assets of the insolvent, in
the hands of his trustee, on account of such debts, and, there-
fore, for them, although paid by the plaintiff after the applica-
tion, he could not recover against the defendant, after his dis-
charge, except subject to such discharge.   This position ne-
cessarily assumes, that the contract to pay in a reasonable time,
bound the McLeans to pay debts of the firm, before the credi-
tors could demand payment of them.   To this we cannot
yield our assent.   On the contrary we think that payment
of a claim, so soon as it falls due, is paying in a reasonable
time.

Where such a contract as the present does not, in terms,
state when the debts are to be paid, and all or part of them
will not be due and payable to the creditors of the partnership,
until after the execution of the contract, it does not require the
payment of the debts until they respectively fall due.   And
such as may be due, at the date of the contract, are to be paid
in a reasonable time, according to the principle stated in *Dor-
sey vs. Dashiell*.

In that case the court say: "The contract before us must
be construed as equivalent to a promise to pay.   And as the
claims in controversy were all due prior to the dissolution of
the partnership, Dorsey was bound to discharge them within a
reasonable time after the date of the covenant.   He failed to

do this.   Which failure gave the appellee a right of action
against him more than twelve years prior to the issuing of the
writ." The question there was in reference to the plea of
limitations.

Here, instead of the debts being all due and payable at the
time of the dissolution, many of them were not payable till
after the insolvent's application.

. This contract is not under seal, it contains no penalty, nor
does it promise to pay any sum of money *to Berry,* but pro-
vides, that "all debts due by the firm, of whatsoever nature or
description, are to be paid by William and George McLean,
so that John H. Berry, Jr., is to be entirely acquitted and dis-
charged from said debts." On account of such of those debts
as were not payable until after William H. McLean applied
for the benefit of the insolvent laws, there could be no breach
of the contract, until after such application. And, if so, Berry
could not claim dividends for those debts under the insolvent
proceedings.

The prayer looks to the evidence alone, and notwithstand-
ing the very ingenious argument of the defendant's counsel,
we cannot think, that under the proof in the cause, it was
proper for the court to instruct the jury, that the plaintiff had
no right to recover for any such sums of money as may have
been owing from the firm of William and George McLean &
Co., before the deed of assignment to R. M. McLean, and be-
fore the application of William H. McLean for the benefit of
the insolvent laws, except subject to his discharge, notwith-
standing the jury might find from the evidence, that such sums
of money *were not payable* by William and George McLean
& Co., until after the application of the said William H.
McLean for the benefit of the insolvent laws.

Believing the court did wrong in granting the defendant's
prayer, the judgment will be reversed.

*Judgment reversed and procedendo awarded.*