## COIT *v.* ROBINSON.

When, after opposition by a creditor to the discharge of a petitioner in bank-
ruptcy, the District Court discharges him, and the opposing creditor
files in the Circuit Court a "petition of appeal,"—a petition setting
forth the application for the benefit of the Bankrupt Act, the opposition,
and the discharge, and praying the Circuit Court for a reversal of the
orders of discharge of the District Court—such "petition of appeal"
must be regarded as being a petition for review under the first clause of
the second section of the Bankrupt Act, which gives the Circuit Courts
a general superintendence and jurisdiction of all cases and questions
arising under the act; and on an affirmance by the Circuit Court of
the decree of discharge by the District Court, no appeal lies to this court,
though the debt of the opposing creditor discharged be more than
$2000.

ON motion to dismiss an appeal from the Circuit Court
for the Southern District of New York, affirming a decree
of the District Court in bankruptcy, forever discharging, in
the usual way, two persons, partners in trade, from payment
of all debts and claims against them, &c., including a debt
of one Coit, to a greater amount than $2000.

The case was thus:

Robinson & Chamberlain, partners in trade, applied to the
District Court for the Southern District of New York for a
discharge under the Bankrupt Act of March 2d, 1867.*
Coit opposed their discharge, notwithstanding which the
court held them entitled to be discharged, and by its decree
discharged them accordingly. Thereupon Coit petitioned
the Circuit Court for a reversal of the decree of the District
Court, and on the same day filed a bond with surety for
costs, and pursuant to the notice given, filed in the Circuit
Court a paper entitled "*petition of appeal*," in which he re-
ferred to the petition in bankruptcy of Robinson & Cham-
berlain, and stated that he was a creditor; that he had
proved a part of his claim and filed his proof; that the
bankrupts were examined at his instance, that he made op-

---

* 14 Stat. at Large, 518.

position to their discharge, and that he filed the grounds of his opposition with the District Court; that he was heard in support of his opposition before that court, and that the court overruled his opposition and granted a discharge with costs against him, the opposing creditor. The petition concluded thus:

"Your petitioner, feeling aggrieved thereby, prays the Circuit Court for a reversal of the said several *orders* of the said District Court as being contrary to law and to the evidence."

All the proceedings, including the evidence, had in the District Court were filed with this petition.

The petition of appeal was heard in the Circuit Court, and a decree made, which, after reciting, that "*at a stated term of the said court,*" "the petition of W. A. Coit, one of the creditors, &c., praying for a review and reversal of the *decree* of the District Court, &c., granting a discharge to the bankrupts, and the appeal thereon had been brought to a hearing before the said Circuit Court," concluded:

"Now, on all the papers and proceedings herein, and after hearing, Mr. Charles Tracy, of counsel for said creditor and appellant Coit, on behalf of said petition, and Mr. G. A. Seixas of counsel for said bankrupts and respondents, in opposition thereto. It is ordered, adjudged, and decreed that the said decree of said District Court be and the same is hereby affirmed."

Coit thereupon filed in the Circuit Court a petition, addressed to this court, giving a statement of the proceedings already referred to, both in the District Court and in the Circuit Court, and concluding as follows:

"Your petitioner, therefore, prays that all and singular the records and proceedings of said Circuit Court upon the said case and the appeal thereon may be removed to the Supreme Court, and that the said decree of the Circuit Court may be reversed, and that your petitioner may have such other and further relief as may be deemed fit and proper."

Before filing this petition he filed in the same office where he had filed it a bond in $1000, conditioned to prosecute the

appeal with effect, and approved by the circuit judge "as to form and sufficiency of sureties."

The appeal being entered in this court the bankrupts moved to dismiss it, on the ground that no appeal would lie in such a case from the Circuit Court. And whether one would or would not, was the question before this court.

The question depended largely upon certain enactments of Congress, including specially clauses of the Judiciary Act of 1789, and of the Bankrupt Act of March 2d, 1867, under which the discharge took place. The sections referred to or relied on in the opinion of the court run thus:

### *Judiciary Act.**

"SECTION 11. The Circuit Courts shall have appellate jurisdiction from the District Courts under the regulations and restrictions hereinafter provided.

"SECTION 22. Final decrees and judgments in civil actions in a District Court where the matter in dispute exceeds the sum or value of $50, exclusive of costs, may be re-examined and reversed or affirmed in a Circuit Court upon a writ of error.

"And upon a like process may final judgments and decrees in civil actions and suits in equity in a Circuit Court . . . removed there by appeal from a District Court, where the matter in dispute exceeds the sum or value of $2000, exclusive of costs, be re-examined and reversed or affirmed in the Supreme Court."

[By act of March, 1803,† an appeal is given to the Supreme Court from all final judgments or decrees rendered in any Circuit Court in any cases of *equity*, of *admiralty*, and *maritime jurisdiction*, of *prize* or *no prize*, under the same conditions as to the sum or value of the matter in dispute as before existed in regard to writs of error.]

### *Bankrupt Act.*

This act, after constituting the several District Courts of the United States, "courts of bankruptcy," and after giving to them "original jurisdiction in their respective districts in all matters and proceedings in bankruptcy," enacts by its

---

* 1 Stat. at Large, 79.        † Ib.

second section (the same, for the convenience of the reader of the court's opinion, being here broken into clauses), as follows:

"SECTION 2. The several courts of the United States, within and for the districts where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all *cases and questions* arising under this act; and except when special provision is otherwise made may, upon bill, petition, or other proper process of any party aggrieved, hear and determine the case as a court of equity.

" The powers and jurisdiction hereby granted may be exercised either by said court or by any justice thereof, in term time or in vacation.

" Said Circuit Courts shall also have concurrent jurisdiction, with the District Courts of the same district of all suits at law or equity, which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee touching any property or rights of property of said bankrupt, transferable to or vested in such assignee, &c.

" SECTION 8. Appeals may be taken from the District Courts to the Circuit Courts in all cases in equity, and writs of error may be allowed to said Circuit Courts from said District Courts, in cases at law, under the jurisdiction created by this act, when the debt or damages claimed amount to more than $500.

" And any supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim, may appeal from the decision of the District Court to the Circuit Court for the same district, &c., &c.

" SECTION 9. In cases arising under this act no appeal or writ of error shall be allowed, in any case, from the Circuit Courts to the Supreme Court of the United States, unless the matter in dispute in such case shall exceed $2000."

The twenty-ninth section authorizes a discharge by the District Court of the petitioning debtor when there has been no fraud on the act. The act goes on:

" SECTION 31. Any creditor opposing the discharge of any bankrupt, may file a specification in writing of the grounds of his opposition, and the court may, in its discretion, order any

question of fact so presented to be tried at a stated session of the District Court."

*Mr. G. A. Seixas, for the bankrupts, and in support of the motion to dismiss,* contended that the only mode of review at the circuit was by petition, under the first clause of the second section of the act,\* which Coit, the opposing creditor, had in fact followed, and that in such case no appeal lies to this court; and that this was settled by *Morgan* v. *Thornhill,*† *Hall* v. *Allen,*‡ *Smith* v. *Mason,*§ *Mead* v. *Thompson.*‖

*Mr. Charles Tracey, contra,* argued that none of the cases cited governed this; that they were all upon interlocutory orders; and so no precedent in a case like this, where the debtor was discharged and the debt of the opposing creditor annihilated; a case where he certainly ought to have the privilege of being heard in a superior court.

Mr. Justice CLIFFORD delivered the opinion of the court.

District Courts have original jurisdiction, in their respective districts, of all matters and proceedings in bankruptcy, and are authorized to hear and adjudicate the same according to the provisions of the Bankrupt Act.¶ Circuit Courts have a general superintendence and jurisdiction of all cases and questions arising under that act, within and for the districts where the proceedings under the act are pending; and, except when special provision is otherwise made, may, upon bill, petition, or other proper process, of any party aggrieved, hear and determine the case as in a court of equity; the provision also being that the Circuit Court, or any justice thereof, may exercise the powers and jurisdiction granted by that clause, "*in term time or vacation.*"\*\*

---

\* Ruddick *v.* Billings, 3 Bankrupt Register, 14; 1 Woolworth, 330; In re O'Brien, Bankrupt Register, Sup. 38; In re Hall, 1 Dillon, 586; 1 Abbott, N. S. 503.

† 11 Wallace, 65.      ‡ 12 Id. 452.

§ 14 Id. 419.      ‖ 15 Id. 638.

¶ 14 Stat. at Large, 517.      \*\* Ib. 518.

On the 29th of February, 1868, the respondents filed their petition in the District Court for the Southern District of New York, representing that they owed debts within the judicial district exceeding $300, and that they were unable to pay all their debts in full; that they were willing to surrender all their estate and effects for the benefit of their creditors, and stating that they desired to obtain the benefit of the Bankrupt Act; and prayed that, after due proceedings had, they might, by a decree of the court, be adjudged to be bankrupts, and that, upon complying with all the requirements of that act, they may severally be decreed to have a certificate of discharge from all their debts provable under the said act. By the record it also appears that the petitioners, on the 12th of June in the same year, were adjudged to be bankrupts within the true intent and meaning of the Bankrupt Act.

Complete jurisdiction of the case was by those means acquired by the District Court, and it further appears that such proceedings were had that the respondents, on the 17th of July following, were, by the decree of the District Court, discharged from all debts and claims provable under that act against them on the day their petition to be adjudged bankrupts was filed.

Opposition to their discharge was made by the present appellant, and the District Court, on the 24th of the same month, heard the parties and passed an order that the bankrupts recover of him, as such opposing creditor, the costs incurred by them in resisting such opposition, amounting to the sum of $129.50. Three days later the appellant, as such opposing creditor, gave notice that he intended to petition the Circuit Court for the same district for a reversal of the aforesaid decree of the district judge, and on the same day he filed a bond for costs, executed by himself and a surety, and pursuant to the notice given, on the 6th of August following he filed in the Circuit Court a certain paper called the "*petition of appeal*," in which he refers to the petition in bankruptcy of the respondents and states that he is a creditor of their estate; that he proved a part of his claim in

that proceeding, and that he filed proof of the same with the register; that the bankrupts were examined at his instance, and that he made opposition to their discharge, and that he filed the grounds of his opposition in that behalf with the District Court; that he was heard in support of his opposition before the district judge, and that the district judge overruled his opposition and granted the respective certificates of discharge to the alleged bankrupts, and awarded such costs to them as they incurred in resisting his opposition, and concludes as follows: " Your petitioner, feeling aggrieved thereby, prays the Circuit Court for a reversal of the said several orders of the said District Court as being contrary to law and to the evidence," as more fully set forth in the petition, to which he made oath before the register and caused notice thereof to be served on the solicitor of the bankrupts.

Duly certified copies of the proceedings in bankruptcy, as well those that took place before the register as those before the district judge, whether in term time or vacation, were, on the 17th of September in the following year, filed in the office of the clerk of the Circuit Court for the same district, together with a copy of the minutes of the testimony taken before the register, filling more than three hundred and sixty closely printed pages of the transcript, without including the numerous exhibits which are annexed to the certificate of the clerk. Hearing was had in the Circuit Court on the petition for review, and the Circuit Court, on the 28th of March last, adjudged and decreed that the decree of the District Court be in all things affirmed, and that the bankrupts recover such costs of the petitioner as they incurred in resisting his opposition, amounting to the sum of $94.25.

Beyond all question the case in the Circuit Court was a petition for review under the first clause of the second section of the Bankrupt Act, which gives to the Circuit Courts within and for the districts where the proceedings in bankruptcy are pending, a general superintendence and jurisdiction of all cases and questions arising under the Bankrupt

Act, except where special provision is otherwise made. Such courts, in the exercise of their supervisory jurisdiction, may hear and determine any such case or question upon bill, petition, or other proper process of any party aggrieved, as in a court of equity. Cases and questions of the kind may be heard and determined by the proper Circuit Court, or by any justice thereof, in term time or vacation, which of itself is quite sufficient to show that the power and jurisdiction conferred by that clause of the second section are not the same as that conferred upon the Circuit Courts by the eleventh section of the Judiciary Act.*

Special provision is not otherwise made in the Bankrupt Act for the review or revision by the Circuit Court of either of the questions involved in the orders or decrees of the District Court which are the subject of complaint in the case, and for that reason it follows that the power and jurisdiction of the Circuit Court to hear and determine the complaint of the appellant and to review or revise the orders or decrees of the District Court in the case were decided under the first clause of the second section of the Bankrupt Act.

Said Circuit Courts also have jurisdiction, concurrent with the District Courts, of all suits at law or in equity, which may or shall be brought by the assignee in bankruptcy against any person claiming any adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt, transferable to or vested in such assignee.

Concurrent jurisdiction with the District Courts of all suits at law or in equity are the words of that clause, showing conclusively that the jurisdiction intended to be conferred is the regular jurisdiction between party and party, as described in the eleventh section of the Judiciary Act and the third article of the Constitution. Consequently it follows that final judgments in such civil actions, or final decrees in such suits in equity, rendered in cases where the matter in dispute exceeds, exclusive of costs, the sum or

---

* 1 Stat. at Large, 78.

value of $2000, may be re-examined in this court under the twenty-second section of the Judiciary Act, when properly removed here by writ of error or appeal, as required by existing laws.*

Like jurisdiction in all such suits at law or in equity is also vested in the District Courts concurrent with the Circuit Courts, but inasmuch as such controversies are made the subject of special provision, neither the judgment nor the decree of the District Court in such a suit can be reviewed or revised by the Circuit Court under the first clause of the second section of the Bankrupt Act, nor in any other manner than that provided in the twenty-second section of the Judiciary Act and the subsequent act regulating appeals.†

Opportunity for further litigation, either in the District or Circuit Court, being closed, the appellant, on the 11th of April last, filed in the Circuit Court a petition, addressed to the justices of this court, giving a full summary statement of the aforesaid proceedings, both in the District Court and in the Circuit Court, and concluding as follows: Your petitioner therefore prays that all and singular the records and proceedings of said Circuit Court upon the said case and the appeal thereon may be removed to the Supreme Court, and that the said decree of the Circuit Court may be reversed, and that your petitioner may have such other and further relief as may be deemed fit and proper.

Before lodging that petition in the clerk's office of the Circuit Court the appellant filed in the same office a bond in the sum of one thousand dollars, conditioned to prosecute the appeal with effect, dated one day earlier, and approved by the circuit judge " as to form and sufficiency of sureties."

Since the case was entered in this court the respondents have appeared and filed a motion to dismiss the appeal for the want of jurisdiction, which is the principal question for the consideration of the court at the present time.

Cases arising under the third clause of the second section

---

* Morgan *v.* Thornhill, 11 Wallace, 80.

† 1 Stat. at Large, 84; 2 Id. 244.

of the Bankrupt Act, where the amount is sufficient, are plainly within the ninth section of the Bankrupt Act, and as such, when the case has proceeded to final judgment or decree, may be removed here for re-examination by writ of error or appeal, as the case may be, but the review and revision contemplated by the first clause of the same section is evidently the same in substance and effect as that given to the Circuit Courts in the prior Bankrupt Act, as sufficiently appears from the words, "general superintendence," preceding and qualifying the word "jurisdiction;" and more clearly from the fact that the revisory jurisdiction extends to mere questions, as contradistinguished from judgments or decrees, as well as to cases; and from the further fact that the jurisdiction in that behalf may be exercised in chambers as well as in court, and in vacation as well as in term time.*

Suits in equity and cases at law, under the jurisdiction created by that act, may be removed to the Circuit Court for re-examination, as provided by the eighth section of the act, but it is quite clear that the removal in such cases must be effected under the regulations prescribed in the twenty-second section of the Judiciary Act and the subsequent act allowing appeals in cases of equity and of admiralty and maritime jurisdiction.†

Mere questions are not re-examinable under the regulations prescribed in those acts, nor would any judgment or decree be regarded as a regular final judgment or decree for such a purpose, unless it was rendered in term time when the court was in session.

By that section " all cases in equity" and " cases at law," when the debt or damages claimed amount to more than $500, may be removed into the Circuit Court for re-examination, and the further provision is that any supposed creditor whose claim is wholly or in part rejected, or any assignee who is dissatisfied with the allowance of a claim, may appeal from the decision of the District Court to the Circuit Court for the same district, if claimed and due notice thereof is

---

* Morgan *v.* Thornhill, 11 Wallace, 80.　　　† 2 Stat. at Large, 244.

given, as therein required, within ten days after the entry of the decree or decision in the District Court. Nor can any writ of error be allowed under that section unless the party claiming it shall comply with the statutes regulating the granting of such writs, and the better opinion is that the writ of error must be sued out within the same time as that allowed for claiming an appeal in an equity suit.*

Appellate jurisdiction may unquestionably be exercised by the Circuit Courts in four classes of cases under the Bankrupt Act: (1.) By appeal from the final decree of the District Courts, in suits in equity commenced and prosecuted in the latter courts by virtue of the jurisdiction created by the third clause of the second section of the act. (2.) By writs of error sued out to the District Courts in civil actions finally decided by such courts in the exercise of jurisdiction created by the same clause of that section. Where the amount in dispute in such cases exceeds, exclusive of costs, the sum or value of $2000, the final judgment or decree in the case, as rendered in the Circuit Court, may be removed into this court for re-examination, as provided in cases originally brought in the Circuit Court. (3.) By appeal from the decision of the District Court rejecting wholly or in part the claim of a creditor, as provided in the eighth section of the act. (4.) By appeal from the decision of the District Court allowing such a claim when the same is opposed by the assignee.

Doubts are entertained whether the cases mentioned in the last two propositions are re-examinable in this court, but the question is not presented for decision in this case.

Whether the bankrupt is entitled to a discharge pursuant to the twenty-ninth section of the Bankrupt Act is always a question to be decided by the District Court under the conditions prescribed in that section. Creditors opposing the discharge may file a specification in writing of the grounds of their opposition, but the only effect of such a specification, as declared in the thirty-first section of the act, is to

---

* Insurance Co. *v.* Comstock et al., 16 Wallace, 258.

authorize the court, " *in its discretion,*" to postpone the question of fact to be tried at a stated session of the court, as the thirty-second section provides that if it shall appear to the court that the bankrupt has, in all things, conformed to his duty under the act, the court shall grant the prescribed discharge.*

Regulations of a different character are prescribed in a case where the question is whether the alleged insolvent shall be adjudged a bankrupt without his consent, as in that event the provision is that the court shall, if the debtor, on the return day of the notice, required to be given on the petition, so demand in writing, order a trial by jury as therein provided, but the Bankrupt Act contains no provision for a jury trial on the question of discharge, and in the judgment of the court the only power vested in the Circuit Court to review and revise the decision of the District Court, made in granting or refusing such a discharge, is that conferred by the first clause of the second section of that act.

Except when special provision is otherwise made the Circuit Courts under that clause have a general superintendence and jurisdiction of all cases and questions arising under the Bankrupt Act. Special provision is not otherwise made for the re-examination by the Circuit Court of the decision of the District Court in granting or refusing a discharge in bankruptcy, and, of course, it can only be done under the power conferred by that clause.

Nothing remains for consideration in this case except to inquire whether an appeal lies to this court from a decree of the Circuit Court rendered in the exercise of the supervisory jurisdiction conferred upon that court by the first clause of the second section of the Bankrupt Act, which is the very question that was presented to this court in the case of *Morgan* v. *Thornhill,*† where this court unanimously decided the question in the negative. Since that opinion was delivered this court has decided the same question in

---

* 14 Stat. at Large, 533.        † 11 Wallace, 65.

the same way in four other cases, all of which are published in the regular series of the reports of the Supreme Court.* None of these statements can be successfully contradicted, and it follows that this court has no jurisdiction of the appeal in this case.

MOTION GRANTED, and the case
DISMISSED FOR WANT OF JURISDICTION.

· ·Mr. Justice BRADLEY, with whom concurred Mr. Justice MILLER,. dissenting:

'I dissent from the judgment of the court in this case. The Judiciary Act gives a writ of error to this court from all final judgments and decrees in civil actions and suits in equity in the Circuit Courts, where the matter in dispute exceeds the sum or value of two thousand dollars. The act of March 3d, 1803, converts this writ of error into an appeal in cases of equity, and admiralty and maritime jurisdiction and prize cases. The cases in which appeals in bankruptcy have heretofore been disallowed, were cases of interlocutory orders or decrees; and, therefore, not within the terms of the law. The decree appealed from in this case has all the elements of a final decree, and belongs to a system of proceeding which has always been regarded in England as of equitable cognizance. The fact that it depends upon statutory regulation does not divest it of that character. A bankruptcy proceeding, by which the estate of a debtor is administered, is essentially an equitable one. In a case of such importance as that which involves a man's liability or non-liability for his debts after he has given up all his property, he ought not to be deprived of the right of appeal if the law, fairly considered, gives it to him. I think it does give it to him in this case.

---

* Hall v. Allen, 12 Wallace, 452; Smith v. Mason, 14 Id. 430; Mead v. Thompson, 15 Id. 638; Marshall v. Knox, 16 Id. 555.