In re STARR et al.

(Circuit Court, D. New Jersey. June 3, 1893.)

1. BANKRUPTCY — SUPERVISORY JURISDICTION OF CIRCUIT COURT — CIRCUIT COURTS OF APPEAL.

The general supervisory jurisdiction conferred by Rev. St. § 4986, upon the circuit courts over causes and questions arising in the district courts in bankruptcy cases, was not transferred to the circuit courts of appeal by the judiciary act of March 3, 1891, but still remains with the circuit courts.

2. SAME — COMPOSITION — DELAY OF CREDITOR.

Where a creditor of a bankrupt does not present his proof of debt to the committee, or demand composition notes, until after final distribution among the creditors who complied with the terms of the composition, and the delay is not caused by mere oversight or neglect, but by the "belief and promise" that the claim should be paid in full, he is not entitled to any relief.

In Bankruptcy. Sur petition of the executors of Isaac S. Waterman, deceased, for review of the decree of the district court made in this matter May 5, 1891. Affirmed.

H. A. Drake, for petitioners.

A. G. Richey, for respondents.

ACHESON, Circuit Judge. In form and substance this is a petition for review under section 4986, Rev. St. U. S. which confers on the circuit court general supervisory jurisdiction over cases and questions arising in the district court in bankruptcy. This jurisdiction is different from the appellate jurisdiction given by section 4980. Coit v. Robinson, 19 Wall. 274. This appellate jurisdiction under section 4980 was transferred to the circuit court of appeals by the act of March 3, 1891, establishing those courts. This was recently decided by the circuit court of appeals for the third circuit. Duff v. Carrier, 55 Fed. Rep. 433. But, in my opinion, the general supervisory jurisdiction in bankruptcy under section 4986 was not so transferred, but remains in the circuit court. This case, therefore, is properly here, and is to be decided on its merits.

A very careful examination of the record has brought me to the conclusion that the petitioners have no just cause of complaint against the committee of creditors under the composition. If the petitioners did not receive their pro rata share of the fund, they have only themselves to blame. They did not present their proof of debt to the committee, or demand composition notes, until late in the fall of 1883, after the final distribution had been made among the creditors who had complied with the terms of the composition. Nor was this failure to act the result of oversight or simple neglect. Mr. Barr, the general manager for the executors of Waterman, distinctly testifies that the reason for the delay in presenting the claim was "the belief and promise [made by Starr, Jr.] that it should be paid in full." The petitioners then delayed necessary action in the expectation that they would fare better at the hands of the bankrupts than the creditors who came in under the composition. The account made out by Mr. Weckerly, the representative of the committee, and verified by his oath on February 12, 1884, and which the district court, after investigation, approved, has not been successfully impeached. Nor am I able to discover any error in the decree of the district court here complained of. Therefore, now, this 3d day of June, 1893, the decree of the district court in this matter, made on May 5, 1891, is affirmed.