## In re JACOBS.

(Circuit Court of Appeals, Eighth Circuit. February 3, 1900.)

No. 15.

**1. BANKRUPTCY—APPEAL AND REVIEW.**

Bankr. Act 1898, § 24b, giving to the circuit courts of appeals jurisdiction to "superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy," on petition filed by any party aggrieved, applies only to some action taken or order made in the course of a proceeding in bankruptcy. Such a petition will not lie to obtain a review of an alleged error of the district court in entertaining jurisdiction of a bill in equity brought by a trustee in bankruptcy against a stranger, a citizen of the same state, to set aside an alleged fraudulent conveyance of property to him by the bankrupt.

**2. SAME.**

From a final decree rendered by the district court in such a case an appeal may be taken to the circuit court of appeals in the ordinary way, bringing up for review every question decided in the case, or the question of the jurisdiction of the district court may be certified by that court to the supreme court of the United States.

Petition to Review Proceedings of the District Court of the United States for the Eastern District of Missouri in Bankruptcy.

Chester H. Krum, for petitioner.

Nathan Frank and Mr. M. N. Sale, for respondents.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a petition for review under subdivision "b" of section 24 of the bankrupt act, approved July 1, 1898 (30 Stat. 544, 553, c. 541), which is filed in behalf of Charles F. Jacobs, against whom an original bill in equity was exhibited by Samuel Rosenfeld, trustee in bankruptcy of the Mechanics' Clothing Manufacturing Company, a bankrupt, on the 10th day of January, 1900, in the district court of the United States for the Eastern judicial district of Missouri. The purpose of the suit was to obtain a decree vacating a certain deed of trust, and to recover the property, or rather the proceeds of the property, which was thereby conveyed to said Charles F. Jacobs, the trustee in said deed of trust. The instrument in question was executed on April 16, 1899, by the Mechanics' Clothing Manufacturing Company, and proceedings in bankruptcy were instituted against it on May 1, 1899, under which it was subsequently adjudged a bankrupt on November 20, 1899. Samuel Rosenfeld, the complainant in the bill, was appointed and qualified as trustee in bankruptcy of the Mechanics' Clothing Manufacturing Company on December 18, 1899, and on the 10th day of the following January he exhibited an original bill in the district court, where the adjudication had taken place, to annul the aforesaid deed of trust, charging, in substance, that it was conceived by the bankrupt company in bad faith, for the purpose of hindering, delaying, and defrauding its creditors, and for the express purpose of evading the operation of the existing bankrupt act.

The petitioner insists that the district court has no jurisdiction of the bill to vacate the deed of trust, and that the suit should have

been brought in the courts of the state, under the provisions of section 23 of the bankrupt act, because·Rosenfeld and Jacobs, the parties plaintiff and defendant to the bill, are both citizens of the state of Missouri, and because subdivision "b" of section 23 expressly provides that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed bankrupt." It is claimed that the district court erred in entertaining the bill, and such is the error of law which .we are asked to review. The respondents have filed a motion to dismiss the petition for review, and we are confronted in limine with the inquiry whether the alleged error of law is one which may be reviewed under subdivision "b" of section 24 of the bankrupt act. That section reads as follows:

"Sec. 24. Jurisdiction of Appellate Courts.—a. The supreme court of the United States, the circuit courts of appeals of the United States, and the supreme courts of the territories, in vacation, in chambers and during their respective terms, as now or as they may hereafter be held, are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases. The supreme court of the United States shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States and from the supreme court of.the district of Columbia.

"b. The several circuit courts of appeals shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

The first paragraph of section 2 of the bankrupt law of March 2, 1867, which now appears in the Revised Statutes of the United States as section 4986, reads as follows:

"The circuit court for each district shall have a general superintendence and jurisdiction of all cases and questions arising in the district court for such district when sitting as a court in bankruptcy, whether the powers and jurisdiction of a circuit court have been conferred on such district court or not; and except when special provision is otherwise made may upon bill, petition or other proper process of any party aggrieved, hear and determine the case as in a court of equity; and the powers and jurisdiction hereby granted may be exercised either by the court in term time or in vacation by the circuit justice or by the circuit judge of the circuit."

In view of the similarity of the language employed in the two statutes above quoted and the general object designed to be accomplished by the two acts, we are of opinion that the jurisdiction conferred on the several circuit courts of appeals by subdivision "b" of section 24 of the recent bankrupt act is the same as that which was vested in the circuit courts by the bankrupt act of March 2, 1867, under the first paragraph of section 2 of that act, which now appears in the Revised Statutes as section 4986, above quoted. Congress, as we think, intended to confer on the several circuit courts of appeals the same supervisory control "of controversies arising in bankruptcy proceedings" in the district courts which the circuit court exercised under the act of 1867 by virtue of the above-quoted .provisions of .that act. It was doubtless deemed most ex-

pedient to transfer the supervisory jurisdiction formerly exercised by the circuit court to the several circuit courts of appeals, because since the creation of the latter courts by the act of March 3, 1891, the circuit court has ceased to exercise appellate functions, and is generally held by the district judge whose action that court would be called upon to review. But, be this as it may, we discover nothing in the provisions of the recent bankrupt act which leads us to infer that the revisory power of the circuit courts of appeals to be exercised by petition for review is in any respect more extensive than that formerly exercised by the circuit courts under the act of 1867.

In the case of Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414, it was held by the supreme court that the bankrupt act of 1867 conferred on the district court two distinct kinds or classes of jurisdiction:

"First, jurisdiction as a court of bankruptcy over the proceedings in bankruptcy initiated by the petition, and ending in the distribution of assets amongst the creditors, and the discharge or refusal of a discharge of the bankrupt; secondly, jurisdiction, as an ordinary court, of suits at law or in equity brought by or against the assignee in reference to alleged property of the bankrupt, or to claims alleged to be due from or to him."

The court further said:

"The language conferring this jurisdiction on the district courts is very broad and general. * * * The various branches of this jurisdiction are afterwards specified, resulting, however, in the two general classes before mentioned."

It was also held in the same case with respect to the circuit courts that the appellate jurisdiction conferred upon them by the act of 1867 was likewise of a twofold character, one species of which was to be exercised by petition for review, and the other in the ordinary way, by appeal or writ of error. In an earlier case, decided in 1873 (Coit v. Robinson, 19 Wall. 274, 282, 22 L. Ed. 152), it was held, in substance, that when the district court exercised the second species of jurisdiction mentioned above, pursuant to authority conferred by the bankrupt act,—that is to say, when it entertained jurisdiction of a suit at law or in equity brought therein either by or against the assignee,—the action of the district court in such a case could not be reviewed by the circuit court by a petition for review under the first clause of the second section of the act of 1867, but could only be reviewed in the ordinary way by appeal or writ of error, under the provisions of the judiciary act regulating such proceedings. Substantially the same views were expressed by the supreme court in other cases, to wit: Sandusky v. Bank, 23 Wall. 289, 292; Morgan v. Thornhill, 11 Wall. 65, 80, 20 L. Ed. 60; Marshall v. Knox, 16 Wall. 551, 555, 21 L. Ed. 481; and in the case of Kidder v. Horrobin, 72 N. Y. 159, 166, the court of appeals of that state held that a suit by an assignee in bankruptcy against a third party to recover the property of the bankrupt or debts due to the bankrupt was not "a proceeding in bankruptcy," and within the exclusive jurisdiction of the federal bankrupt court, but was an ordinary action, which could be maintained as well in the courts of the state.

In view of these adjudications upon the bankrupt act of 1867, we feel constrained to hold that it is only some action taken or order made in the bankruptcy proceeding itself which can be reviewed by an original petition addressed to this court, under subdivision "b" of section 24 of the bankrupt act, and that the power thereby conferred "to superintend and revise" the action of the district court does not extend to suits brought in that court by the trustee in bankruptcy against third parties to collect the assets of the estate, or to suits brought by third parties against the trustee, whether such suits are rightfully or wrongfully brought in that court, as to which point we express no opinion at this time. Such suits as those last referred to, whether at law or in equity, are not proceedings in bankruptcy, or "controversies arising in bankruptcy proceedings," within the meaning and intent of the law authorizing petitions for review, but they are suits which must be reviewed in the ordinary way, by appeal or writ of error, when they have reached a final determination in the court of first instance. We can discover nothing in the language or policy of the recent bankrupt act which would seem to require the various circuit courts of appeals to review every interlocutory order made or proceeding taken, in an ordinary action at law or in equity, in a suit between a trustee in bankruptcy and a third party, which happens to be brought in the district court, simply because the trustee's title to the property claimed, or his liability to be sued, is founded on the bankrupt act. Nor do we believe that such a construction of the act was within the contemplation of congress.

The final decree which may be rendered by the district court in the case which we are asked to review can be brought to this court by appeal, in the usual way, for the consideration of every question which may be decided therein, or, on such final determination of the case, the question relating to the jurisdiction of the district court to entertain the suit (the same being one of great moment, which ought to be speedily determined by the court of last resort) can be certified by the district court to the supreme court of the United States. McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, 35 L. Ed. 893; Bardes v. Bank (decided by the supreme court of the United States, Dec. 22, 1899) 20 Sup. Ct. 196, Adv. S. U. S. 196, 44 L. Ed. ——. The petition for review is therefore dismissed, and this fact will be forthwith certified to the district court.