## In re MOORE.

## MULLEN v. WARNER (two cases).

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

Nos. 2390, 2403.

1. **Bankruptcy** ⬉353—**Proceeds of sale of bankrupt's property after conveyance was set aside by bankruptcy trustee held distributable to creditors generally and not solely to antecedent creditors (Bankr. Act, §§ 65, 67b, 67f, 70a, 70e [Comp. St. §§ 9649, 9651, 9654]).**

Where bankruptcy trustee intervened in suit in state court to set aside conveyance, which under Maryland law could be avoided only by antecedent creditors, *held* that under Bankr. Act, §§ 67b, 70a, 70e (Comp. St. §§ 9651, 9654), proceeds of sale thereof should be distributed among all creditors under section 65 (section 9649), and not merely among antecedent creditors, regardless of whether general creditors had lien under section 67f; antecedent creditors having no lien.

2. **Bankruptcy** ⬉353—**Equal division among bankrupt's creditors, with no preference except those specified contemplated (Bankr. Act, §§ 65, 67b, 70a 70e [Comp. St. §§ 9649, 9651, 9654]).**

Bankruptcy Act contemplates equal division among bankrupt's creditors with no preference except those specified therein, in view of sections 65, 67b, 70a, 70e (Comp. St. §§ 9649, 9651, 9654).

3. **Bankruptcy** ⬉353—**That conveyance of bankrupt's property is avoided under state law does not require distribution of fund under such law.**

That conveyance of bankrupt's property is avoided by bankruptcy trustee under state law does not require distribution of fund under such law.

4. **Bankruptcy** ⬉353—**Filing suit to set aside bankrupt's conveyance wherein bankruptcy trustee intervened held to preserve lien of general creditors (Bankr. Act, § 67f [Comp. St. § 9651]).**

If preservation of lien under Bankr. Act, § 67f (Comp. St. § 9651), was necessary to permit general creditors to share after bankrupt's conveyance was set aside, *held*, that filing suit to set such conveyance aside wherein trustee intervened preserved such lien.

5. **Bankruptcy** ⬉440—**Contest over distribution of proceeds of sale of bankrupt's property held "controversy arising in bankruptcy proceedings," reviewable by appeal (Bankr. Act, § 24a [Comp. St. § 9608]).**

Contest in bankruptcy court, over distribution of proceeds of sale of bankrupt's property sold by bankruptcy trustee after conveyance was set aside *held* "controversy arising in bankruptcy proceedings," reviewable by appeal under Bankr. Act, § 24a (Comp. St. § 9608).

On Petition to Superintend and Revise in Matter of Law Proceedings of, and Appeal from, the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy; Morris A. Soper, Judge.

In the matter of William H. Moore, bankrupt. From a decree of the District Court in favor of Martha E. Warner, a creditor, James Morfit Mullen, trustee in bankruptcy, appeals and files a petition to superintend and revise. Petition to superintend and revise dismissed. On appeal, decree reversed.

Walter H. Buck and James Morfit Mullen, both of Baltimore, Md., for petitioner and appellant.

Edward Duffy, of Baltimore, Md., for respondent and appellee.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. On December 6, 1923, one William H. Moore of Baltimore, Md., was duly adjudged a bankrupt, and thereafter in due course appellant, Mullen, was elected trustee in bankruptcy of his estate. On October 6, 1921, more than two years prior to the adjudication, the bankrupt conveyed a lot of ground and improvements thereon in the city of Baltimore to one Knapp, admittedly a "straw man," who immediately reconveyed the property to Moore and his wife so as to vest them with an estate by the entireties, which under the law of Maryland is not subject to sale under execution against the husband. At the time this was done Moore was insolvent, and was indebted to Miss Martha Warner, the appellee, in a sum exceeding $15,000. He owed other debts aggregating approximately $8,500. On September 26, 1923, within four months prior to the adjudication of bankruptcy, Miss Warner recovered judgment against Moore for the full amount of her claim, and straightway filed a bill in equity in circuit court No. 2 of Baltimore city to set aside the two conveyances by means of which the estate by the entireties had been created. While the suit was pending, Moore was adjudged bankrupt, and the trustee in bankruptcy was ordered to intervene in the suit and to "prosecute to the fullest extent the rights of said trustee in bankruptcy in and to the property involved in said equity suit." The trustee thereupon petitioned and was allowed to intervene in the suit in the state court as a party plaintiff, and on March 3, 1924, a consent decree was entered in that cause reciting that Moore admitted his inability to prove his solvency as of October 6, 1921, decreeing that the conveyances be set aside and directing that Moore and wife convey to the trustee in bankruptcy all of their

right, title, and interest in the property, but expressly reserving for future determination the question as to the priority claimed by the creditors whose claims were existent at the time of the making of the conveyances.

The trustee in bankruptcy sold the property for $5,759.88; and Miss Warner filed her petition in the bankruptcy court praying that she and the other antecedent creditors be allowed the whole of the fund realized to the exclusion of the subsequent creditors whose claims amounted to approximately $18,000. The District Court entered a decree in accordance with the prayer of this petition excluding subsequent creditors from participation in the fund, and from this decree the trustee in bankruptcy appealed, filing also a petition to superintend and revise.

[1] It is admitted that under the Maryland law a voluntary conveyance by an insolvent is fraudulent in law as to antecedent creditors. Christopher v. Christopher, 3 A. 296, 64 Md. 587, 588. But as to subsequent creditors it is not void unless shown to be fraudulent in fact. Matthai v. Heather, 57 Md. 489; Turner v. Hudson, 104 A. 455, 133 Md. 144; Diggs v. McCulloh, 16 A. 453, 69 Md. 609. It is also admitted that under the Maryland law where a conveyance is set aside as being fraudulent only as against antecedent creditors, subsequent creditors do not participate in the fund realized. Williams v. Banks, 11 Md. 98. The question which is presented by this appeal, therefore, is whether a trustee in bankruptcy who has set aside a conveyance which, in the absence of bankruptcy, could have been avoided only by creditors whose claims were in existence at the time of the conveyance, holds the fund realized for the sole benefit of such antecedent creditors or for the benefit of creditors generally to be distributed under the general provisions of the Bankruptcy Act (Comp. St. §§ 9585–9656).

The contention of the petitioner is that since, in the absence of bankruptcy, only antecedent creditors could have avoided the conveyance, and since because of the intervention of bankruptcy the trustee was substituted for such creditors to secure rights which would have inured to their benefit alone, the recovery by the trustee should be held to be for their exclusive benefit and that subsequent creditors, who could not have set aside the conveyance, should not be allowed to participate in the recovery. While there is much that is plausible in this contention, it is not supported by the provisions of the Bankruptcy Act. Undoubtedly the right of the trustee to set aside the conveyance existed because of the right of antecedent creditors to avoid same; but this right was derived from section 70e of the Bankruptcy Act (Comp. St. § 9654), which provides that the trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided and may recover the property so transferred, but makes no provision for the holding of the property recovered by the avoidance of such transfer for any particular creditor or class of creditors. To hold that the recovery by the trustee in such a case should go to the antecedent creditors alone, instead of being held for distribution under the general provisions of the act, would be to read into the statute a provision which Congress has not enacted, and one which we think is at variance with the spirit of the statute as embodied in its other provisions.

[2, 3] The Bankruptcy Act contemplates an equal division among the bankrupt's creditors with no preferences except those specially designated in the statute. It is accordingly provided by section 67b (being section 9651, Comp. St.) that whenever a creditor is prevented by the bankruptcy from enforcing his rights as against a lien created by his debtor, the trustee shall be subrogated to and enforce the right of such creditor for the benefit of the estate. Can it be that when the trustee avoids a lien through subrogation to the right of a creditor he does so for the benefit of the estate, but when he avoids a fraudulent conveyance, he does so for the exclusive benefit of such creditor? We think not. Such a distinction would certainly seem to be repugnant to the presumed intention of the act, and we think that it is repugnant also to its express provisions. It is true that the words "for the benefit of the estate" were not added to section 70e as they were to 67b, but the addition of these words was not necessary. The power vested in the trustee by section 70e is the power not only to avoid the fraudulent conveyance but to recover the property conveyed. In the absence of contrary provision, this recovery would be presumed to be for the benefit of the estate. But the matter is not left to presumption, for section 70a expressly vests the trustee with property transferred by the bankrupt in fraud of creditors. The antecedent creditors have no lien upon the property or the fund realized from it, their right in the absence of bankruptcy being merely the right to set aside the fraudulent conveyance and subject the property to levy under execution. The Bankruptcy Act gives them no preference. Consequently the recovery by the trus-

tee is held for distribution in accordance with section 65 of the act (Comp. St. § 9649), which makes no distinction between antecedent and subsequent creditors, but provides that "dividends of an equal per centum shall be declared and paid on all allowed claims." The whole confusion as to the right of antecedent creditors arises from assuming that, because the conveyance is avoided under the state law, the fund realized must be distributed under that law, a view expressly repudiated by the Supreme Court of the United States in Miller v. New Orleans Acid & Fertilizer Co., 29 S. Ct. 176, 211 U. S. 496, 53 L. Ed. 300.

A decision which seems to us conclusive of the question presented is the case of Globe Bank v. Martin, 35 S. Ct. 377, 236 U. S. 288, 59 L. Ed. 583. In that case there was a fraudulent conveyance which under the laws of Kentucky was void as to antecedent but not as to subsequent creditors. A suit to set aside the conveyance was instituted by antecedent creditors, and under the Kentucky practice an attachment was levied upon the property which was the subject of the suit. During the pendency of the suit and within four months after its institution, the debtor was adjudged bankrupt, and the bankruptcy court entered an order directing that the attachment lien be preserved for the benefit of the estate and that the trustee intervene in the state court and prosecute an action for the recovery of the property. This was done and the property was recovered. A decree adjudging that the antecedent creditors were entitled to the entire fund was reversed by the Circuit Court of Appeals of the Sixth Circuit, and a decree was entered by that court directing a distribution of the fund among all the creditors of the estate. This was affirmed on appeal to the Supreme Court of the United States.

It is argued by counsel that a distribution among all the creditors was directed in the case of Globe Bank v. Martin, supra, because the trustee sought to preserve the lien obtained by creditors, under section 67f of the act, for the benefit of the estate. But we do not understand this to be the basis of that decision. The court points out that the trustee is by 70a of the Bankruptcy Act vested with title to property transferred in fraud of creditors, and that by 70e he is authorized to avoid any transfer by the bankrupt which any creditor might avoid. It next shows that the antecedent creditors had no lien on the property conveyed until the filing of the attachment and that the lien of

the attachment was void, having been filed within four months of the bankruptcy, except as it was preserved under 67f for the benefit of the estate. Miller v. New Orleans Acid & Fertilizer Co., supra, was cited as authority for the proposition that after the fraudulent conveyance was set aside under section 70 of the Bankruptcy Act, the bankruptcy court had the right to determine for itself the disposition of the fund. In our opinion the doctrine announced in Globe Bank v. Martin clearly covers the distribution of funds recovered by the trustee in proceedings under 70e of the Bankruptcy Act, whether a lien obtained by creditors is preserved under 67f or not.

[4] But even if the preservation of a lien under 67f were necessary to permit general creditors to share in the recovery, we think the condition has been met in this case, as a lien was obtained upon the filing of the bill in equity in the circuit court of Baltimore city and this lien was preserved by the trustee who was made a party to that suit. We do not rest our decision upon this point, however, but upon the broader ground stated.

We have examined carefully the case of American Trust Co. v. Duncan, 254 F. 780, 166 C. C. A. 226, cited by counsel, and it apparently supports the decree rendered below; but, while we have great respect for the court which rendered that decision, we cannot follow it. The doctrine therein announced is at variance with our interpretation of the Bankruptcy Act and, it seems to us, is in clear conflict with the decision of the Supreme Court of the United States in Globe Bank v. Martin, supra. Our examination of the authorities from other jurisdictions convinces us also that the decision in American Trust Co. v. Duncan is not in harmony with the current of authority; for it seems to be generally settled that the recovery by the trustee of property conveyed in fraud of creditors inures to the benefit of all creditors and not merely to the benefit of those who might have attacked the conveyance under the state law. Kehr v. Smith, 20 Wall. 31, 22 L. Ed. 313; Platt v. Mead (D. C.) 9 F. 91; McCrory v. McDonald, 80 So. 643, 119 Miss. 256, 43 Am. Bankr. Rep. 181; Riggs v. Price, 210 S. W. 420, 277 Mo. 333, 43 Am. Bankr. Rep. 413; In re Kohler (6th Ct.) 159 F. 871, 87 C. C. A. 51, 20 Am. Bankr. Rep. 89; Farmers' Co. v. Barlow (D. C.) 202 F. 1008, 30 Am. Bankr. Rep. 190; In re Gray, 62 N. Y. S. 618, 47 App. Div. 554, 3 Am. Bankr. Rep. 647.

It is interesting to note that the authors of text-books on the law of bankruptcy have taken the view of the statute and the current of authority which we have expressed. Black on Bankruptcy states the rule as follows: "When the bankrupt's trustee sets aside a fraudulent conveyance, 'this will inure to the benefit of all the creditors of the bankrupt having provable claims, including those whose claims accrued subsequent to the transfer and not merely to the advantage of those who, as existing creditors, or holding judgments would have been entitled to attack the conveyance at the time it was made.'" Black on Bankruptcy (3d Ed.) § 468.

Collier on Bankruptcy, speaking of suits under section 70e, says: "Upon the rendition of a decree in favor of a trustee in a suit to set aside a fraudulent conveyance, the property inures not to the benefit alone of the unsecured creditors existing at the time of the transfer and who, in the absence of bankruptcy would have been authorized to attack the conveyance but to all of the creditors having provable claims, including those whose claims accrued subsequent to the transfers." Collier on Bankruptcy (13th Ed.) § 70, p. 1783.

Our conclusion, therefore, is that the District Court erred in holding that the antecedent creditors were entitled to the fund realized by the trustee to the exclusion of subsequent creditors, and that the decree should be reversed and the trustee directed to hold the fund for distribution among general creditors in accordance with the provision of the Bankruptcy Act.

[5] As to the procedure, this was a controversy arising in bankruptcy proceedings, and is reviewable under section 24a of the Bankruptcy Act (Comp. St. § 9608) by appeal. Globe Bank v. Martin, supra; Hewitt v. Berlin Machine Works, 24 S. Ct. 690, 194 U. S. 296, 48 L. Ed. 986; York Mfg. Co. v. Cassell, 26 S. Ct. 481, 201 U. S. 344, 50 L. Ed. 782. On the appeal the decree of the District Court is reversed, and the trustee in bankruptcy is held entitled to the fund for distribution among general creditors in accordance with the terms of the Bankruptcy Act. The petition to superintend and revise is dismissed. In re Jacobs (8th Ct.) 99 F. 539, 39 C. C. A. 647, 3 Am. Bankr. Rep. 671; Hewitt v. Berlin Machine Works, supra; Collier on Bankruptcy (13th Ed.) p. 827.

Case No. 2390, dismissed.
Case No. 2403, reversed.