## NATIONAL BANK OF ATHENS v. SHACKELFORD, TRUSTEE IN BANKRUPTCY FOR WEBB.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 40. Argued October 29, 1915.—Decided November 8, 1915.

A mortgage given for valuable consideration more than four months before the petition was filed, *held* fraudulent and void as to creditors because fraudulently withheld from record until the day the petition was filed.

In this case both courts below having concurred in finding as matter of fact that the mortgage was void because executed and withheld from record for the purpose of hindering and defrauding creditors, this court follows the rule that such finding will not be disturbed unless clearly shown to be erroneous.

208 Fed. Rep. 677, affirmed.

THE facts, which involve the validity of a mortgage lien on the property of the bankrupt, are stated in the opinion.

*Mr. John J. Strickland,* with whom *Mr. Roy M. Strickland* was on the brief, for appellant.

*Mr. Lamar C. Rucker* and *Mr. Horace M. Holden,* with whom *Mr. Stephen C. Upson, Mr. Howell C. Erwin* and *Mr. Andrew J. Cobb* were on the brief, for appellee.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

This controversy arose in a bankruptcy proceeding and was begun in the United States District Court for the Northern District of Georgia. Appellant claims that it holds a valid lien on certain real estate in the city of Athens, formerly the property of the bankrupt, Webb, under a mortgage deed executed by him November 6, 1911,

but not recorded until noon August 14, 1912, a few hours before the petition in involuntary bankruptcy was filed. Among other things, the trustee asserts that the mortgage is void as to creditors because fraudulently withheld from record.    Bankruptcy Act, § 70, c. 541, 30 Stat. 544. Georgia Code, 1910, § 3224.

Having heard the witnesses and upon the entire evidence, the District Court, citing and purporting to follow *In re Duggan*, 183 Fed. Rep. 405 (1910), found and adjudged the deed invalid as against general creditors.  Affirming this action the Circuit Court of `Appeals· for the Fifth Circuit declared: "The evidence in this case tends strongly to show that, although the mortgage given by the bankrupt to the appellant was for a valid consideration and effective as between the parties thereto, the same by understanding, if not agreement, was withheld from record, so as not to affect the mortgagor's credit; and we therefore concur with the trial judge in his disposition of the case." 208 Fed. Rep. 677, 678.  In the *Duggan Case* the same court had held fraudulent and void, both as to prior and subsequent creditors, a chattel mortgage executed by a bankrupt but withheld from record under agreement so to do because of the effect which recordation would have on her credit.

Considering all said and adjudicated by the two courts below, we must conclude they concurred in finding, as matter of fact, that the mortgage in question was void as to creditors because executed and withheld from record for the purpose of hindering, delaying or defrauding them. The rule is well settled that a finding of this nature will not be disturbed upon review here unless clearly shown to be erroneous. *Washington Securities Co.* v. *United States*, 234 U. S. 76, 78; *Stuart* v. *Hayden*, 169 U. S. 1, 14.  An examination of `the record reveals no clear error, and, accordingly, the judgment appealed from must be

.     *Affirmed.*