AMERICAN TRUST & SAVINGS BANK v. DUNCAN.

In re LUM.

(Circuit Court of Appeals, Fifth Circuit. December 16, 1918.)

No. 3252.

BANKRUPTCY ⊕142—CREDITORS—RIGHTS OF.

Where, years before bankruptcy, the bankrupt conveyed property to his wife, though he was then indebted, and after bankruptcy the trustee, suing under Bankruptcy Act, § 70e (Comp. St. § 9654), recovered a judgment or decree against the wife to the amount of a debt incurred prior to the conveyance and still existing, held, in view of the difference between section 70e and section 67f (section 9651), the creditor whose debt ante-

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dated the conveyance was entitled to receive from the trustee the amount of the recovery, and such sum should not go into the general estate.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

In the matter of the bankruptcy of George E. Lum. Petition by the American Trust & Savings Bank against Charles K. Duncan, trustee in bankruptcy of George E. Lum, praying that the trustee be directed to pay over to the petitioner the sum of $1,000, recovered by the trustee in an action against the bankrupt's wife. From a decree dismissing a petition for the review of the referee's order dismissing the original petition, petitioner appeals. Reversed.

Forney Johnston, W. R. C. Cocke, and Victor Smith, all of Birmingham, Ala., for appellant.

Claude D. Ritter, of Birmingham, Ala., for appellee.

Before WALKER, Circuit Judge, and EVANS, District Judge.

WALKER, Circuit Judge. The appellee, as trustee in bankruptcy of George E. Lum, filed a bill in the chancery court of Jefferson county, Ala., against the bankrupt and his wife, Carrie E. Lum, alleging that about nine years prior to the bankruptcy certain described real estate was conveyed to the bankrupt's wife, part of the purchase money for which and part of the cost of valuable improvements thereon were paid with the bankrupt's money, as a mere gift to his wife, while he was indebted to the American Trust & Savings Bank (hereinafter referred to as the appellant) in a considerable sum, $1,000 of which remained unpaid when the bill was filed. The bill prayed that the real estate mentioned, with the improvements thereon, be subjected to the payment of the debts of the bankrupt, that the real estate and improvements be sold for that purpose, and the proceeds thereof be paid to the trustee in bankruptcy, and for general relief. That suit resulted in the rendition of a judgment or decree of the Supreme Court of Alabama which adjudged that the real estate mentioned be subjected to the satisfaction of the claim of the appellant to the extent of $1,000 and accrued interest, declaring and establishing a lien upon said real estate to said extent, and that unless said amount is paid into court within sixty days said real estate be advertised and sold for the satisfaction of said indebtedness. Pursuant to that decree the sum of $1,000, with accrued interest, was paid to the trustee in bankruptcy. Thereafter the appellant filed in the bankruptcy proceedings its petition, alleging the facts above set out, and that the petitioner was the only creditor of the bankrupt whose debt was in existence at the time the bankrupt made the alleged gifts to his wife, and praying that the trustee be ordered and directed to pay over to the petitioner the said sum of $1,000 and accrued interest, less the costs and expenses of said suit and of the court in which the petition was filed. The referee made an order denying the prayer of the petition, "but without in any manner affecting the proof and allowance of the claim of the said petitioner, American Trust & Savings Bank, filed and allowed in this proceeding as an unsecured claim not entitled to preference or priority

of payment." The appellant's petition for the review of the referee's order was dismissed by the District Court. The appeal is from the decree to that effect.

The right of the trustee to bring and maintain the above-mentioned suit existed by virtue of the following provision of the Bankruptcy Act:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy. had not intervened, shall have concurrent jurisdiction." Bankruptcy Act July 1, 1898, c. 541, § 70e, 30 Stat. 565 (Comp. St. § 9654).

The decree rendered enforced the right of the sole remaining creditor whose debt was in existence at the time the debtor made the donation of money to his wife, or for her benefit, to have that money treated as received by the donee in trust for such creditor, and to have the amount of the donation, or so much thereof as was required to satisfy the demand of such creditor, charged against the property of the donee in which it was invested. Lockard v. Nash, Adm'r, 64 Ala. 385; Cartwright v. West, 185 Ala. 41, 64 South. 293. The questioned transaction was binding as between the debtor and his donee, the former retaining no right to the money he gave and acquiring no interest in the property into which it went, but was voidable as against creditors whose debts were in existence when the gift was made. An effect of the statute is to give the debtor's trustee in bankruptcy the right to assert and enforce the right of such creditors. The appellant's petition raised the question whether the amount recovered by the trustee, less costs incurred, belonged to the creditor whose right was enforced by the decree, or was received and held by the trustee as part of the bankrupt's estate for the common benefit of his creditors. Other creditors would be benefited by the trustee's recovery, though the net amount recovered is applied on the appellant's demand alone, as a result of such application is the extinguishment of a claim which, but for such recovery, would share in the part of the bankrupt's estate which is available for general distribution among his creditors. Nothing contained in the above-quoted provision of the Bankruptcy Act forbids the application of an amount so recovered by the trustee to the satisfaction of the one debt of the bankrupt which was in existence when the transaction brought into question by the trustee's suit occurred. That suit being the assertion by the trustee of a right possessed by only one of the bankrupt's creditors, other creditors have no right to share in the amount so recovered, unless that right is given by some provision of the Bankruptcy Act. In behalf of the appellee it is contended that the decision in the case of Globe Bank v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. Ed. 583, shows that the amount recovered by the trustee was held by him as a part of the bankrupt's estate to which the appellant has no prior right.

The fund which was in question in the case just mentioned was acquired by the trustee in bankruptcy under the following circumstances: Some time prior to the debtor's bankruptcy, and while he owed debts to the Globe Bank and others, he made voluntary conveyances to his son. Within four months prior to the bankruptcy, creditors whose debts existed at the time such conveyances were made brought suits to subject the conveyed property to their demands and had attachments levied on that property. After the debtor was adjudged bankrupt, the bankruptcy court entered an order that the attachment lien be preserved for the benefit of the bankrupt estate, and that the trustee intervene in the suits in which the attachments issued. This the trustee did by petition, and it was adjudged that enough of the attached property be sold to realize the amount of the debts in existence when the attacked conveyances were made. The trustee received the proceeds of such sale. It was held that the fund so obtained should be distributed between all the creditors as a general asset of the bankrupt estate, and not between those creditors who alone would have shared in the fund, had their attachment been obtained more than four months prior to the filing of the petition in bankruptcy. The opinion rendered makes it plain that the conclusion reached was the result of applying the provisions of section 67f of the Bankruptcy Act to the facts disclosed. In the course of the opinion it was said:

"That section distinctly provides that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, within four months of the filing of the petition in bankruptcy, shall be deemed null and void, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, as was done in this case, order that the right under the levy, judgment, attachment or other lien be preserved for the benefit of the estate in which event the same shall pass to and be preserved by the trustee for the benefit of the estate. Except for the attachments, tho appellant banks had no specific lien upon the estate." Globe Bank v. Martin, 236 U. S. 288, 298, 35 Sup. Ct. 377, 381 (59 L. Ed. 583).

The ruling was to the effect that, where a judicial lien obtained against an insolvent debtor within four months prior to the filing of the petition in bankruptcy against him is preserved and enforced for the benefit of the estate, as authorized by section 67f of the Bankruptcy Act, the fund coming into the possession of the trustee as the result of such action belongs to the bankrupt estate, and not to those creditors only in whose behalf the lien originally was obtained. That decision was the result of applying the provision mentioned to a state of facts to which it was held to be applicable.

Section 70e of the Bankruptcy Act differs from section 67f of that act, in that the former does not contain any provision to the effect that property, or its value, recovered by the trustee in a suit which that section authorizes him to bring when he elects to avoid a transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, shall "pass to the trustee as part of the estate of the bankrupt." It may be that property or its value so recovered by his trustee might have been made a part of the bankrupt's estate, not

subject to any priority in favor of the creditor or creditors who alone had had the right to avoid the transfer brought into question. But it is significant that the statute does not so provide, while it does provide for the passing to the trustee, as a part of the estate of the bankrupt, of property, or its value, acquired by him as a result of the preservation and enforcement of a lien obtained through legal proceedings against an insolvent within four months prior to the filing of a petition in bankruptcy against him, without making any exception based upon the circumstance that the lien so preserved and enforced was obtained by a creditor or creditors who alone had the right to obtain it; the right being one not possessed by other creditors. The statute gives notice to any one obtaining a lien by legal proceedings against an insolvent person that, if the insolvent's bankruptcy occurs within four months after the lien is obtained, it may be preserved and enforced for the benefit of the bankrupt's estate, the proceeds of such enforcement to pass to the trustee as part of the estate of the bankrupt. The provision having this effect deals with "levies, judgments, attachments, or other liens" obtained through legal proceedings against an insolvent within four months prior to his bankruptcy, and with property affected by a lien so obtained. It does not deal with the rights of creditors who have not so obtained a lien.

Under the circumstances disclosed in the instant case the appellant alone had the right to subject to the satisfaction of its demand against the bankrupt the property of the bankrupt's donee in which the sum donated was invested. The appellant had not obtained any lien through legal proceedings instituted for the enforcement of such right. There has not been called to our attention, and we have not discovered, any provision of the Bankruptcy Act indicating an intention to treat as a general asset of the bankrupt's estate an amount recovered by the trustee in a suit brought by him, as authorized by section 70e of that act, for the enforcement of the right possessed by a creditor situated as the appellant was. As above pointed out, it does not follow from the fact that the trustee was authorized to bring and maintain such a suit that the recovery in it is to be distributed between all the creditors as a general asset of the bankrupt's estate, as other creditors may be benefited by the recovery—though it belongs to the one creditor whose right the trustee asserted—having the effect of extinguishing a claim against the general assets of the bankrupt's estate, thereby increasing the pro rata shares of other creditors in the assets to be distributed between them.

In view of the differences above pointed out between section 67f and section 70e of the Bankruptcy Act, and of the absence of anything indicating that the lawmakers intended that a debtor's bankruptcy should have the effect of impairing rights possessed by one or some only of his creditors who had not, prior to the bankruptcy, obtained any lien through legal proceedings, we conclude that the decision last above cited does not foreclose the question raised by the facts of the instant case; that the proceeds realized from the suit brought to enforce the demand of the appellant against property not liable to be subjected to the demands of any other existing creditor of the bank-

rupt did not pass to the trustee as a part of the estate of the bankrupt, though the recovery was in a suit brought by the trustee under the authority conferred by section 70e of the Bankruptcy Act; and that the appellant was entitled to the net amount of the fund so realized.

It follows that the decree appealed from was erroneous. That decree is reversed.