## COBB v. FIRST NAT. BANK OF LIVONIA et al.

### In re LEDBETTER.

(District Court, N. D. Georgia, E. D. March 17, 1920.)

### No. 37.

1. FRAUDULENT CONVEYANCES ⬅172(1)—VALID AS TO MAKER.
    A deed, although in fraud of creditors, is valid as to its maker.

2. BANKRUPTCY ⬅185—RIGHT OF TRUSTEE TO AVOID FRAUDULENT DEED DEPENDS ON RIGHTS OF CREDITORS.
    A deed by the bankrupt can be avoided by his trustee, as being in fraud of creditors, only if the trustee represents some creditor entitled to avoid.

3. BANKRUPTCY ⬅387—EFFECT OF CONFIRMATION OF COMPOSITION STATED.
    A composition is not alone a contract between the bankrupt and his unsecured creditors, but also, on its confirmation, a judgment of the court having definite legal results.

4. BANKRUPTCY ⬅387—FAILURE OF CREDITOR TO REINSTATE PROOF OF CLAIM WITHDRAWN · DOES NOT AFFECT CONFIRMED COMPOSITION AS DISCHARGE OF SUCH DEBT.
    In view of Bankruptcy Act, § 14c (Comp. St. § 9598), that a creditor's proof of claim was unauthorizedly withdrawn and never reinstated by her, and that she was not paid anything from the composition, did not prevent the composition, when confirmed, from operating to discharge her debt.

5. BANKRUPTCY ⬅388—NEW PROMISE TO PAY DISCHARGED DEBT MAKES PROMISEE GENERAL CREDITOR.
    Where, after wife's claim against her husband was discharged by confirmation of composition in his bankruptcy proceedings, he again promised to pay her debt, she became again his general creditor.

6. BANKRUPTCY ⬅387—COMPOSITION RES JUDICATA OF RIGHT TO SET ASIDE DEED AS IN FRAUD OF CREDITORS.
    Where deed to a bank as security for a loan to grantor was of record when grantor became bankrupt, and was not, on any ground of being fraudulent as to creditors, set aside in the bankruptcy proceedings, wherein bankrupt's composition was confirmed, the deed stood thenceforth as to subsequent creditors purged of the infirmities of its origin, and the right to attack it could not be revived by bankrupt's new promise to pay a debt to his wife, which had been discharged by the composition, for, while as to him it may have been the old debt revived, as to others it was a new debt, based on the consideration of the moral obligation of the old debt.

7. BANKRUPTCY ⬅387—JUDGMENT LIEN UNAFFECTED BY BANKRUPTCY.
    If a judgment against the bankrupt was a valid lien on real property, and did not share in the bankrupt's composition, its lien was unaffected by the bankruptcy.

In Equity. Suit by Carlisle Cobb, trustee in bankruptcy of W. F. Ledbetter, against the First National Bank of Livonia and others. On motion to dismiss the bill. Motion granted.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wilver M. Smith and Horace M. Holden, both of Athens, Ga., for petitioner.

H. H. Chandler and Little, Powell, Smith & Goldstein, all of Atlanta, Ga., for defendants.

SIBLEY, District Judge. Cobb, as trustee in bankruptcy, brings a plenary suit against the First National Bank of Livonia to cancel a deed absolute in form, but alleged to be really a security, and a motion to dismiss is made on the ground, among others, that the bill is without equity and sets forth no cause of action.

Without regarding a partial reference and report of a special master, the material facts, stated chronologically, which appear from the bill, construed most strongly against the pleader, and from the record of a former bankruptcy of Ledbetter, which has been agreed to be considered in connection with the bill, are these:

On May 29, 1911, Ledbetter gave his wife, Mrs. W. F. Ledbetter, a note for $3,700 principal, in consideration of a mercantile business he had bought of her. On May 11, 1912, he borrowed of the predecessor in business of defendant bank an aggregate of $2,625, and to secure the notes made the deed in dispute. This, by agreement of the parties, was not to be recorded unless Ledbetter should become financially involved, in which event he was to notify the bank, and the deed was not in fact recorded until January 31, 1916. A few days after Mrs. Ledbetter was informed of this deed, and Ledbetter made her a deed to the same property. Thereafter voluntary bankruptcy proceedings were filed February 19, 1916, resulting in a proposal of composition of 25 per cent. in cash to be paid unsecured creditors, which was duly confirmed by the court July 10, 1916. On September 3, 1917, Ledbetter gave his wife a written promise to pay her former debt in full, and the next day again went into bankruptcy; the petitioner being made trustee.

[1, 2] 1. The deed held by the bank is attacked only because originally made in fraud of creditors; the intent to hinder, delay, and defraud being claimed to be manifested by the agreement not to record it. Such an agreement might justify a finding of fact that such intent existed, as was ruled in National Bank of Athens v. Shackelford, 239 U. S. 81, 36 Sup. Ct. 17, 60 L. Ed. 158; but the deed, if in fraud of creditors, was valid as to its maker, and can be voided by the trustee only if he represents some creditor entitled to avoid. Martin, Trustee, v. Commercial Bank, 245 U. S. 513, 38 Sup. Ct. 176, 62 L. Ed. 441. The petition presents two creditors claimed to be so entitled, Mrs. Ledbetter and another dealt with below.

[3, 4] 2. Mrs. Ledbetter's debt in the former bankruptcy, though secured by a second deed to Ledbetter's property, was, as shown by the composition proceedings, proved as an unsecured debt, and voted for the composition. The petition states that her proof of claim was afterwards withdrawn without her knowledge or consent, and the record does not show that she was paid anything from the composition. The composition, however, is not alone a contract between the bankrupt

and his unsecured creditors, but also, on its confirmation, a judgment of the court having definite legal results. It adjudicated that it was for the best interest of the unsecured creditors, whether assenting majority or dissenting minority, that the percentage offered be accepted, rather than to pursue the effort to annul the deed of the bank. By this adjudication the unsecured creditors were bound. If that deed was invalid as to Mrs. Ledbetter's debt, it was invalid as to all other creditors, for the Georgia law makes no distinction in this respect between precedent and subsequent creditors. In re Duggan, 183 Fed. 405, 106 C. C. A. 51. So it was not a case of the interests of one class of creditors being sacrificed to those of another class, if such a situation could ever arise. If Mrs. Ledbetter's claim was unauthorizedly withdrawn, she might, in due time, have had it reinstated; but by omitting to do so she did not escape the ordained effect of the confirmation of the composition.

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." Bankruptcy Act, § 14c (Comp. St. § 9598).

Her debt is not of the class unaffected by a discharge, nor can it be shown, in contradiction of the terms of the confirmed composition, to have been one agreed to be paid in full. It stood discharged. Glover v. Dorne, 116 Ga. 216, 42 S. E. 347. She might have pursued her rights under the composition as an unsecured creditor within its terms, or, if not estopped, she might have pursued the property covered by her deed as a secured creditor; but she was no longer a general creditor of her husband. In either case she would act in her own right and on her own account, and not through her husband or his representative.

[5, 6] 3. When, on September 3, 1917, her husband again promised to pay her debt as alleged, she became again his general creditor. Thornton v. Nichols & Lemon, 119 Ga. at page 53, 45 S. E. 785, and citations. While in a sense her debt was "revived," and may have been the same debt, so far as it affected her husband, as to other persons it must be considered a new contract, of which the moral obligation of the old unpaid debt was the consideration; supposing without deciding that such moral obligation would survive a discharge by composition, equally with an ordinary discharge in bankruptcy. The bankrupt could not revive a right to attack a conveyance, the infirmities of which had been appraised and passed over in the former bankruptcy. It appears in this case that the bank, while not a party to the composition, did, as an inducement to the bankrupt to make it, reduce the principal of its debt to $2,000, and remitted accrued interest. The deed being then of record, and the rights of all existing creditors having been adjusted in a manner provided by law, and the deed being in any case valid as against the bankrupt, it stood henceforth, as to its maker and his subsequent creditors, purged of the infirmities of its origin. The right of general creditors to attack it for fraud was, by the court's judgment, substituted by their right to have 25 per cent. of their debts from the composition fund. If Mrs. Ledbetter has any

right to attack it, it certainly is not a right that can be asserted through this trustee in bankruptcy.

[7] 4. The other debt relied on by the trustee to authorize his petition is represented by a judgment rendered in 1907, which is averred in a general way to be still in life and being pressed against the bankrupt. If the judgment was, at the former bankruptcy, a valid lien on the property covered by the deed, and did not share in the composition, its lien was unaffected by the bankruptcy, and it may be enforced by its holder by a simple levy (Philmon v. Marshall, 116 Ga. 811, 43 S. E. 48), or such other legal proceedings as may be proper. No reason appears, however, why the composition did not destroy it as a general lien or general debt against the bankrupt. If it still be a debt, it must be considered that, like the debt of Mrs. Ledbetter, it is not entitled to be represented by this trustee in an attack based on an alleged fraud against creditors antedating a former bankruptcy. If it failed to get its part of the composition, as is intimated, a new bankruptcy cannot be used as the means of asserting rights which should properly have been enforced under the old.

5. Nothing is ruled as to the right of the trustee, by proper proceedings, to administer the equity of redemption in the property covered by the deed, if any. The petition is aimed only at the annulment of the deed.