## DODD v. RAINES.

(District Court, N. D. Georgia. September 26, 1924.)

1. **Fraudulent conveyances** ⊜⟹208—**Bulk Sales Act for protection of existing creditors only.**

Georgia Bulk Sales Act, requiring notice to all creditors of vendor before payment by purchaser, is for protection of then existing creditors, who are to be notified, and in absence of fraud such sale cannot be attacked by subsequent creditors for noncompliance with act.

2. **Bankruptcy** ⊜⟹180—**To authorize recovery of property as transferred with intent to defraud creditors there must be proof of actual intent.**

To entitle a trustee to recover property as transferred by bankrupt within four months with intent to defraud creditors, under Bankruptcy Act, § 67e (Comp. St. § 9651), there must be proof of actual intent to defraud, and a presumption of fraud raised by a state statute is not sufficient.

3. **Bankruptcy** ⊜⟹142—**Trustee is vested with title to property transferred only as to such transfers as he may avoid.**

Bankruptcy Act, § 70a (4), being Comp. St. § 9654, which vests the trustee with title to all property transferred by bankrupt in fraud of his creditors, is to be construed with sections 67e and 70e (Comp. St. §§ 9651, 9654), and applies only to transfers which he is, under them, entitled to avoid.

4. **Bankruptcy** ⊜⟹142—**Property recovered by trustee in right of certain creditors to be administered only to such creditors.**

Under Bankruptcy Act, § 70e (Comp. St. § 9654), authorizing trustee to avoid any transfer by bankrupt which any creditor might have avoided, right is tested wholly by state law, and trustee, recovering property transferred because of failure to comply with Bulk Sales Act of Georgia, must administer it only to creditors existing at time of transfer, any surplus to be returned to purchaser.

In Equity. Suit by Harry Dodd, trustee in bankruptcy, against Lewis Raines. On motion to dismiss bill. Denied.

W. S. Dillon and Wm. J. Davis, Jr., both of Atlanta, Ga., for plaintiff.

Hendrix & Buchanan, of Atlanta, Ga., for defendant.

SIBLEY, District Judge. This is a plenary suit in equity and a motion to dismiss it. No question is made as to the jurisdiction in equity or in the federal court, but the contention is that no cause of action in law or equity exists in the trustee in bankruptcy to recover the amount sued for. According to the bill, the bankrupt, on January 10, 1924, the date of the bankruptcy not being alleged, sold the entire stock of merchandise in one of his two stores to Lewis Raines for $6,700, paid in cash and in notes which were discounted. The suit is against the purchaser for the full value of the stock of merchandise, which has since been disposed of. The claim is that in the sale there was no compliance with the bulk sales statute of Georgia (Civ. Code, § 3226 et seq.), which requires a sworn list of creditors, with their addresses, and a statement of his assets and liabilities, to be furnished by the seller, and that a written notice be given, five days before payment, by the purchaser to each creditor, by registered mail, of the terms and conditions of sale, with copy of statement of assets and liabilities. On failure to comply with these requirements, the statute declares "such sale or transfer shall, as to any and all creditors of the vendor, be conclusively presumed to be fraudulent." Civ. Code, § 3228. Neither insolvency nor actual fraud is alleged.

[1] 1. No public policy is involved in the Georgia act. Bulk sales are not thereby prohibited nor penalized. The only purpose is to give creditors such notice as will tend to prevent frauds on them, and give them a fair chance to secure payment from the proceeds of the sale. Manifestly the duties imposed on seller and purchaser, respectively, of furnishing a list of creditors and giving them notice, relates only to then existing

creditors. These alone could be listed, and they alone are sought to be protected. The words "as to any and all creditors of the vendor," above quoted, refer to those creditors to whom the duty of listing and notice is due. Where there was no actual purpose of defrauding future creditors, they have no concern in the matter. They could not avoid a bulk sale which occurred before they extended credit solely because of a noncompliance with this statute. Compare First National Bank v. Bayless, 96 Ga. 684, 23 S. E. 851. And the existing creditors who are not paid may attack the sale only to the extent necessary to collect their debts. They may not in any other sense avoid or set it aside.

[2] 2. On bankruptcy of the seller, these creditors, unless they have acquired some specific lien, lose their right to proceed against the stock sold or its proceeds, and the right passes to the trustee in bankruptcy. The trustee's right as to transfers void against creditors is dealt with by sections 67c, 70a, and 70e of the Bankruptcy Act (Comp. St. §§ 9651, 9654). Section 67c positively invalidates transfers by the bankrupt made *within four months* before the filing of the petition "with the intent + * * on his part to hinder, delay, or defraud his creditors," except as to bona fide purchasers, makes the property so transferred to pass to the trustee, and requires him to reclaim it and administer it for the creditors. To come within this provision, which operates independently of state law, there must be the actual intent mentioned. The presumption of fraud raised by the Georgia bulk sales law is not its equivalent.

Section 67e next invalidates similar transfers *made while insolvent and within four months of bankruptcy,* which are held void as to creditors by the law of the state or territory in which the property is situated. But in the present case there is no allegation of insolvency, so that this clause does not apply.

[3] Section 70a vests title in the trustee to all property transferred by the bankrupt in fraud of his creditors. This is to be construed with 67e and 70e, and means as to transfers which he is entitled to avoid he is invested with title to the property. It does not enlarge the class of transfers which he may attack nor operate to fix title in him to property transferred perhaps years before which no creditor at the time of bankruptcy could pursue. In re Ledbetter (D. C.) 263 Fed. 1000.

[4] Section 70e declares: "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication." There is no limit of four months before bankruptcy here; no requirement of specific intent or insolvency at the time of transfer, as appears in 67e. The matter, as to all these points, is to be tested wholly by the state law. The Georgia law renders this bulk sale attackable by then existing creditors, irrespective of actual intent or insolvency. Since some of these creditors remain and are represented by this trustee, by the very words of section 70e, he may recover the transferred property or its value, although the amount of indebtedness due to them is not stated, and although there may be subsequent creditors also.

But there are no instructions given in 70e as to whom the fund shall be administered, such as appear in 67e. It may be that the words in 67c, "for the benefit of the creditors of the bankrupt," mean that all of his creditors are to share, irrespective of their original right to attack the transfer. This section, however, applies only to transactions within four months of bankruptcy and Congress selected that period as the time in which general equality is to be preserved among unsecured creditors of insolvents. Under 70e the state statute of limitation is alone involved, and the transactions attacked may have occurred years in the past. If a gift were made by an insolvent, void only as to existing creditors (First National Bank v. Bayless, 96 Ga. 684, 23 S. E. 851; Wallace v. Penfield, 106 U. S. 260, 1 Sup. Ct. 216, 27 L. Ed. 147), and other debts were afterwards contracted by the giver, not at all on the faith of the given property, while the donee must pay the former creditors in order to keep the gift, he is under no obligation to pay the latter.

So, in the present case, the stock of merchandise may have been sold with an actual intent to pay every existing creditor, and there may have been some creditors overlooked. Before bankruptcy the purchaser could have saved himself by paying these off. I do not think Congress intended that the Bankruptcy Act should so relate back under section 70e as to change the substance of his rights. Since the certain ascertainment of all creditors entitled to protection

against the sale may be difficult, the trustee is by this section authorized to recover the property or its proceeds, if he represents any creditor entitled to complain, but he should administer only to the class of creditors really interested. American Trust & Savings Bank v. Duncan, 254 Fed. 780, 166 C. C. A. 226. If there is a surplus of the fund it is to be returned to the purchaser, where the sale is attacked for no reason except noncompliance with the bulk sales statute.

The petition is therefore held sufficient, though it does not set up the amount of indebtedness as to which the sale is void. The distribution of the proceeds will be a matter for subsequent decision. Possibly, if there is certainty on the point, a defense setting up the amount of such debts and tendering it might be entertained, to avoid circuity and expense of administration, on the authority of Page v. Rogers, Trustee in Bankruptcy, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332.

The motion to dismiss is overruled.