is to be fitted with an efficient grating, in order to prevent persons falling through the opening. The gratings are to be hinged to the deck and capable of being easily opened from below." All that we have in this connection is the circular itself and the fact that, at the time the libelant was hurt, it had been in force for three years.

No evidence has been offered to show what significance, in cases like the one before us, the British law gives to the requirement of such a circular of instructions to the Board of Trade surveyors, or under what circumstances it was made applicable to vessels built before it was first promulgated. The testimony taken below, at least, indicates that even in British vessels trimmers' hatches were not usually guarded in the way prescribed in these instructions. We are not, therefore, called upon to consider whether, if the instructions were in Great Britain binding upon British owners, in the sense that the failure to comply with them was in itself conclusive or persuasive of negligence on their part, the American courts would be at liberty to give the same effect to them here. As the case stands, we would not be justified in reversing the decree below.

Affirmed.

William J. Bratton and Albert D. Mackey, both of Elkton, Md. (Clarence K. Bowie and Bowie & Clark, all of Baltimore, Md., on the brief), for appellees.

Before WADDILL and PARKER, Circuit Judges, and WATKINS, District Judge.

PER CURIAM. Having regard to the peculiar facts and circumstances of this case, the relations existing between the mortgagor and the mortgagee, especially that the contested mortgage for $5,225, assuming the same to have been given originally for a valid consideration and effective as between the parties, was by understanding, if not by agreement, withheld from the record, so as not to affect the mortgagor's credit, the conclusion of the court is that the action of the District Judge and the referee, expunging and disallowing the said claim from the list of those upon the trustee's record, should be approved and affirmed. We are led to this view, moreover, by the fact that the case seems to be ruled by those of National Bank of Athens v. Shackelford, 36 S. Ct. 17, 239 U. S. 81, 60 L. Ed. 158 (in the Circuit Court of Appeals, 208 F. 677, 678, 125 C. C. A. 575); In re Lamie Chemical Co. (C. C. A.) 296 F. 24, 28; Millikin v. Second National Bank, 206 F. 14, 19, 124 C. C. A. 148 (both decisions of this court).

Affirmed.

---

**CROTHERS v. SOPER et al.**

**In re STEELE.**

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

No. 2421.

Bankruptcy ⚏184(2)—Claim under mortgage withheld from record, so as not to affect mortgagor's credit, properly expunged and disallowed.

Where mortgage was withheld from record, so as not to affect mortgagor's credit, claim thereunder was properly disallowed and expunged from record of trustee in bankruptcy.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy.

In the matter of the bankruptcy of James Groome Steele. The claim of Omar D. Crothers was disallowed and expunged from the record of Morris A. Soper and others, trustees, by the referee and the District Court, and claimant appeals. Affirmed.

Isaac L. Straus, of Baltimore, Md., for appellant.

---

**JOHNSON AUTOMATIC SCALE CO., Limited, v. GINN, et al.**

(District Court, D. Massachusetts. January 29, 1926.)

No. 1804.

1. Patents ⚏328—1,158,186, for machine for wrapping cartons, claims 28 and 29, held valid and infringed.

Dearborn patent, No. 1,158,186, for machine for wrapping cartons, claims 28 and 29, held valid and infringed.

2. Patents ⚏328—1,158,186, for machine for wrapping cartons, claims 15, 16, 17, 18, 19, and 22, held invalid.

Dearborn patent, No. 1,158,186, for machine for wrapping cartons, claims 15, 16, 17, 18, 19, and 22, held invalid.

3. Patents ⚏12—Normal development of machinery should not be restricted by patents which do not involve real invention.

Normal development in modern machinery, as development through experience, ought not to be restricted by patents which do not involve real invention, but embody only what may be called natural improvements.