## McCALLUM v. STEM.

Circuit Court of Appeals, Sixth Circuit.
January 6, 1928.

No. 4882.

1. **Bankruptcy** $\Longleftrightarrow$314(3)—**Tennessee Bulk Sales Law held not to preclude seller, not complying with act, from proving claim for price against estate of purchaser in bankruptcy.**

Bulk Sales Law Tenn. (Shannon's Code Tenn. § 3193a1), providing that sales of merchandise in bulk, unless the parties do certain things, "shall be presumed to be fraudulent and void as against the creditors of the seller," *held* not to preclude the seller, where its require-

ments are not complied with, from proving his claim for purchase money against the estate in bankruptcy of the purchaser.

2. **Bankruptcy** $\Longleftrightarrow$342—**Referee may sua sponte correct erroneous rulings on claim.**

A referee has power, sua sponte, to correct ruling made on claim, if on reconsideration he considers it erroneous.

Appeal from the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

In the matter of John Thomas Allison, bankrupt; J. H. McCallum, trustee. From an order allowing claim of L. T. Stem, the trustee appeals. Affirmed.

Charles A. Noone, of Chattanooga, Tenn., for appellant.

Hamby & Ziegler, of Chattanooga, Tenn., for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. Without complying with the Bulk Sales Laws of Tennessee (Shannon's Code, § 3193a1), appellee sold his half interest in a drug business to his partner, Allison, who executed to appellee a note for the purchase price, secured by a mortgage on the stock of goods. Allison was later adjudged a bankrupt, and appellee filed proof of his claim as a preferred claim against the estate. The trustee objected to the claim on the ground that it grew out of an illegal and void sale of merchandise in bulk. The court below allowed it as an unsecured claim.

[1] Section 3193a1 of Shannon's Code of Tennessee, known as the Bulk Sales Law, provides that, unless the seller and purchaser shall do certain things, the sale "of any portion of a stock of merchandise otherwise than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or a sale of an entire stock of merchandise in bulk, shall be presumed to be fraudulent and void as against the creditors of the seller." This statute has been held to apply to the sale by one partner of his interest in the business to another. Gilbert v. Ashby, 133 Tenn. 370, 181 S. W. 321.

The argument for the trustee is that the sale was void, and, as appellee's claim grew out of an illegal or void act, it cannot be allowed. He relies, in support of this contention, upon the construction of the statute by the Supreme Court of Tennessee, and mainly upon Cantrell v. Ring, 125 Tenn. 472, 145 S. W. 166, which was a suit by a seller for damages for breach of a contract of

sale; The defense in that case was that, as the parties had not complied with the Bulk Sales Law, damages for breach of the contract of sale could not be recovered. This defense was upheld, the court pointing out that the act had been sustained as a valid police regulation of trade, "to prevent fraudulent sales by merchants, to the injury of their creditors." It was further stated, wholly aside, we think, from the necessities of the case, that some courts hold "that the statutes [bulk sales statutes] are an enactment of substantive law, declaring sales made in violation of their provisions absolutely void, and this is the view this court has taken of the statute of this state."

It is difficult to reconcile the full import of this latter language in the opinion with the earlier statement therein or with the later applications of the act in Fecheimer-Keifer Co. v. Burton, 128 Tenn. 682, 164 S. W. 1179, 51 L. R. A. (N. S.) 343, Gilbert v. Ashby, 133 Tenn. 370, 181 S. W. 321, Elledge v. Anderson, 133 Tenn. 478, 182 S. W. 234, and Keller v. Fowler Bros. & Cox, 148 Tenn. 571, 256 S. W. 879. Besides, the Cantrell Case cites as authority the Georgia law, which was held in Dodd v. Raines (D. C.) 1 F.(2d) 658, to involve no public policy, and not to prohibit or penalize bulk sales, but to have as its only purpose the giving of such notice to creditors as would tend to prevent fraud and give them a chance to secure payment of their claims from the proceeds of the sale. This is the construction generally placed on such statutes, and, in the absence of a clear interpretation of the Tennessee statute to the contrary, we should say that it means what it says, that the sale "shall be presumed to be fraudulent and void as against the creditors of the seller," and not as against creditors of the purchaser represented by the trustee. It is not, however, necessary to arrive at a conclusion between what may seem to be conflicting constructions of the act by the state court, since, even if the contract was void, it is clear, we think, under the principles announced in Elledge v. Anderson, that the purchaser could recover the goods from the seller, or, if not the goods, their value in money, equity in the latter case requiring an accounting from the seller. We have no doubt that to that extent appellee should be treated as a general creditor.

[2] The second point made by the trustee is that the judgment should be reversed, because it confirmed an order which the referee had no power to make, he having previously entered an order denying the claim. There is in the record an opinion of the referee stating that the claim of appellee would be disallowed, but it does not appear that any order was entered upon that opinion. Whether that be true or not, the referee had the power sua sponte to correct his first ruling, if upon reconsideration he concluded that it was erroneous. International Agricultural Corporation v. Cary (6 C. C. A.) 240 F. 101; In re De Ran (6 C. C. A.) 260 F. 732.

The judgment is affirmed.