## UNIVERSAL DEALERS CO. v. CROMELIN.

### No. 7292.

United States Court of Appeals for the District of Columbia.

Decided Dec. 15, 1939.

Petition for Rehearing Denied Jan. 27, 1940.

William E. Richardson, of Washington, D. C., for appellant.

Francis C. Brooke, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

PER CURIAM.

On June 11, 1936, and again on September 4, 1936, Nolan Motor Company borrowed money from Universal Dealers Company, appellant herein, and gave as security therefor chattel mortgages [1] of the same dates, each covering virtually all of its tangible assets. By the terms of the second of these mortgages the borrower assumed the full obligation of the first; consequently, for the purposes of this case, it is the mortgage of September 4, 1936 with which we are concerned. On November 21, 1936, an involuntary petition in bankruptcy was filed against Nolan Motor Company; it was adjudged bankrupt on November 23, 1936; thereafter its assets were sold by the trustee; whereupon appellant filed a petition to impress a lien in its favor upon the fund realized by the trustee. This petition was denied by the referee; the lower court affirmed both the referee's order and the reasoning in his certificate of review. [2]

The trustee, who is the appellee herein, contends—as the lower court held—that the mortgages, upon which appellant's claim rests, are void because they constitute encumbrances made with the intent to hinder, delay or defraud the bankrupt's creditors; contrary to the provisions of the Bankruptcy Act, [3] and of the District of Columbia Code. [4] This contention of the

[1] The second was an "amendment" of the first. It is referred to in the referee's report as a "supplement." It recited that part payment had been made on the original loan; that an additional loan had been made; that the mortgagor agreed that the original chattel mortgage was thereby amended to secure repayment of the total sum consisting of the balance due on the first loan and the amount of the new loan; and that all other provisions of the original chattel mortgage should remain in full force and effect.

[2] In re Nolan Motor Co., Inc., D.C., 25 F.Supp. 186.

[3] Bankruptcy Act, § 67, sub. e, 30 Stat. 564, as amended, 11 U.S.C.A. § 107, sub. e: " * * * all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the * * * District in which such property is situate, shall be deemed null and void under the provisions of this title * * *."

[4] D.C.Code 1929, tit. 11, § 11: "Intent to defraud creditors.—Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands or rents and profits issuing from the same, or in goods or things in action, and every charge upon the same, and every bond or other evidence of debt given, or judgment or decree suffered, with the intent to hinder, delay, or defraud creditors or other persons having just claims or demands of their lawful suits, damages, or demands, shall be void as against the persons so hindered, delayed, or defrauded: * * *."

trustee is amply supported by the findings and by the authorities set out in the reported opinion of the lower court;[5] and the findings, in turn, find full support in the record. This being true, it is not necessary to consider the other points urged on this appeal.

Affirmed.

[5] See particularly, National Bank of Athens v. Shackelford, 239 U.S. 81, 36 S.Ct. 17, 60 L.Ed. 158, where the Court said: "Having heard the witnesses and upon the entire evidence, the district court, citing and purporting to follow In re Duggan [5 Cir.] 183 Fed. 405 (1910), found and adjudged the deed invalid as against general creditors. Affirming this action, the circuit court of appeals for the fifth circuit declared: 'The evidence in this case tends strongly to show that, although the mortgage given by the bankrupt to the appellant was for a valid consideration and effective as between the parties thereto, the same by understanding, if not agreement, was withheld from record, so as not to affect the mortgagor's credit; and we therefore concur with the trial judge in his disposition of the case.' * * * In the Duggan Case the same court had held fraudulent and void, both as to prior and subsequent creditors, a chattel mortgage executed by a bankrupt but withheld from record under agreement so to do because of the effect which recordation would have on her credit.

"Considering all said and adjudicated by the two courts below, we must conclude they concurred in finding, as matter of fact, that the mortgage in question was void as to creditors because executed and withheld from record for the purpose of hindering, delaying, or defrauding them. The rule is well settled that a finding of this nature will not be disturbed upon review here unless clearly shown to be erroneous. * * *" To the same effect see Crothers v. Soper, 4 Cir., 10 F.2d 793.

In Barber v. Wilds, 33 App.D.C. 150, 155, it was held that under Section 11 of Title 11 of the District of Columbia Code, "if the inevitable consequences of a conveyance are to hinder, delay, or defraud creditors, the court must so hold notwithstanding the denial of such intent by the parties to such conveyance."